Wanda June RANDLE et al., Appellants,

v.

James R. SPRADLING, Director of
Revenue, et al., Respondents.

No. 59999.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

Rehearing Denied Oct. 11, 1977.

J. D. Riffel, The Legal Aid and Defender
Society of Greater Kansas City, Inc., Kan-
sas City, for appellants.

S. Joel Wilson, Asst. Atty. Gen., Jefferson
City, for respondents.

DONNELLY, Judge.

This is a suit for declaratory judgment
and injunctive relief. It was transferred
here, before opinion, from the Kansas City
District of the Court of Appeals. We de-
cide it "the same as on original appeal."
Mo.Const. Art V, § 10.

Appellants Wanda June Randle and
George Replogle were involved in automo-
bile accidents in 1973. They had no liability
insurance ⟨ ⟩ the time of the accidents.
They recei ed notices from the Missouri
Department of Revenue (under Chapter
303, RSMo 1969, The Motor Vehicle Safety
Responsibility Law), that it had been "de-
termined after a review of records of this
accident that there is a reasonable possibili-
ty of a money judgment being rendered
against you." Randle and Replogle sought
administrative hearings to determine
whether there was a reasonable possibility
of a judgment being entered against them.

Randle and Replogle contend they are
entitled to the procedures provided by The
Administrative Procedure Act (Chapter 536,
RSMo 1969). The trial court did not agree
and held that the "procedures established

by defendants, pursuant to Chapter 303, RSMo, to determine if there is a reasonable possibility of a judgment being rendered against an owner or operator of a motor vehicle involved in an accident do not constitute a 'contested case' within the definition of Section 536.010(2), RSMo." Accordingly, the trial court held the procedures of Chapter 536, supra, were not available to appellants.

Section 536.010(2), Laws of Mo. 1976, p. 768, defines a "contested case" as a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing * * *."

In *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356 (Mo. banc 1958) this Court noted that "contested case" within the meaning of the Administrative Procedure Act "does not mean every case in which there may be a contest about 'rights, duties or privileges' but instead one in which the contest is required by law to be decided in a hearing before an administrative agency." This Court then held that a proceeding against the superintendent of the division of insurance was not a "contested case" because the superintendent was not required by law to hold a hearing on the claims asserted in the case.

We are confronted with a different situation here. Section 303.290, RSMo 1969, provides that the director of revenue "shall provide for hearings upon request of persons aggrieved by orders or acts of the director under the provisions of this chapter." In view of the provisions of Section 303.290, supra, we must conclude that a matter heard pursuant to said section is a "contested case" under Section 536.010(2), supra, and that the provisions of Chapter 536, supra, apply. Hearings are required by law in this situation.

Accordingly, Wanda June Randle and George Replogle are entitled to the procedures provided by Chapter 536, RSMo 1969.

The judgment is reversed and the cause remanded with directions to proceed in a manner consistent with this opinion.

All concur.