**George BOYD, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. WD 36693.**

Missouri Court of Appeals, Western District.

Nov. 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 24, 1985.

Application to Transfer Denied Feb. 18, 1986.

Peter J. Koppe, Kansas City, for appellant.

Albert A. Riederer, Pros. Atty., and Robert Frager, Asst. Pros. Atty., Jackson County, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment affirming the ruling of the Missouri Di-

rector of Revenue which ordered, alternatively, the posting of a bond or the suspension of appellant's motor vehicle registration and motor vehicle operator's license. The judgment is affirmed.

Appellant presents a sole point which, in summary, charges that the trial court erred in affirming the decision of the Missouri Director of Revenue because neither the findings nor the decision of the Director was based upon sufficient evidence.

This cause arises out of an automobile accident that occurred at the intersection of Paseo and Brush Creek Boulevards in Kansas City, Missouri. Appellant was driving out of a private drive on Paseo when the front of his vehicle struck the passenger side of a vehicle owned and driven by one Vincent Tortorice. Tortorice had automobile insurance coverage for his vehicle; appellant did not have coverage for his vehicle.

On June 6, 1984, the Department of Revenue notified appellant that after review of the accident reports, it had determined that there was "a reasonable possibility of a money judgment being rendered against [him]." Appellant requested a hearing pursuant to § 303.290, RSMo (1978). The director issued its Findings of Fact and Conclusions of Law on August 6, 1984, stating it had again determined that there was "a reasonable likelihood that a judgment will be rendered against George Boyd." Appellant then filed a petition for review in the Circuit Court of Jackson County. The circuit court affirmed the decision of the Director without a hearing. The court found that: "While there is some evidence to the effect that the other driver in the accident ran a stop sign, the evidence is not sufficient to preclude a finding that Petitioner might still have a judgment rendered against him ..."[1]

The record before the Director included the police report, accident reports from both drivers, and affidavits from appellant and a passenger of appellant's car. The

1. Appellant's argument loses even greater significance in light of the ruling in *Gustafson v.*

*Benda,* 661 S.W.2d 11 (Mo.1983).

Director concluded that a "reasonable like-lihood" exists that a judgment will be rendered against appellant. The police report showed damage to the right side of the other vehicle and the front of appellant's vehicle, which indicates that appellant struck the other vehicle. Appellant was pulling out of a private driveway. The other vehicle was on a public thoroughfare and had the right of way. The police report reflects that appellant told the officer at the scene that he did not see the other automobile before the accident. The reasonable conclusion is that appellant entered the street from a private driveway, without yielding to traffic, struck the side of Tortorice's vehicle, and that appellant is reasonably likely to have a judgment rendered against him in an action by Tortorice for damages. This evidence was before the circuit court.

Appellant challenges the sufficiency of the evidence to support the decision of the Director. He argues the evidence adduced at the hearing showed that the other driver may have failed to observe a stop sign, and the Director's conclusion that there is a "reasonable likelihood" a judgment will be rendered against him is against the weight of the evidence.

The Director of Revenue must "determine the amount of security which shall be sufficient in his judgment to satisfy any judgment for damages" against the uninsured party in any accident in this state in which an uninsured motorist is involved. Section 303.030.1 RSMo Supp. (1985). The Director must then require the uninsured party to deposit that amount as security within ten days, and, if he does not comply, suspend his license and registration. Section 303.030.2. The uninsured party may request a hearing to contest the Director's determination, under the provisions of Chapter 536, the Administrative Procedure Act. *Randle v. Spradling*, 556 S.W.2d 10, 11 (Mo. banc 1977). If the uninsured party receives an adverse ruling again after the hearing, she or he may appeal to the circuit court of the county in which they reside for *de novo* review. Section 303.290.2 RSMo (1978).

This matter not only places before this court the disposition of this particular case, but as observed infra, construction of § 303.290.2, RSMo 1978, and particular sections of Chapter 536, RSMo 1978, is required.

The judicial review of proceedings before the Missouri Director of Revenue are prescribed by § 303.290.2. This section reads as follows:

Any decision, finding or order of the director, under the provisions of this chapter, shall be subject to review by appeal to the circuit court of the county of the residence of the licensee, at the instance of any party in interest, in the manner provided by chapter 536, RSMo, at any time within thirty days after notice is given the licensee of such decision, finding or order. Upon such appeal the cause *shall be heard de novo* and the circuit court may determine the reasonableness of the director's decision, finding or order, and in disposing of the issues before it may modify, affirm, or reverse the decision, finding or order in whole or in part. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken shall appear in behalf of the director, and prosecute or defend as the case may require. (emphasis added)

It can be readily observed within the foregoing section that review by the circuit court may be invoked in the manner prescribed by Chapter 536. That provision seems simple enough if that was all that had to be considered. However, § 536.100, RSMo 1978 prescribes that aggrieved persons shall be entitled to judicial review pursuant to §§ 536.100–536.140, RSMo 1978. Within § 536.100, however, is the following limitation: "unless some other provision for judicial review is provided by statute; ...", and thus, § 303.290.2 again becomes applicable and controlling.

Section 303.290.2 further contains the following provision: "Upon such appeal the cause shall be heard *de novo* and the cir-

**22**

cuit court may determine the reasonableness of the director's decision, ..." (emphasis in original).

Before proceeding further, it should be noted that perhaps the decision herein and the construction given the particular statutory provisions are in conflict with the ruling announced in *Spradling*, but this court perceives the *Spradling* ruling as not addressing the particular issue presented herein. In *Spradling*, the Missouri Supreme Court ruled that a proceeding prescribed by § 303.290 is a contested case and thus the provisions of Chapter 536 apply. Thus, the *Spradling* ruling did not reach or address issues, and/or questions which might arise subsequent to the proceedings before the Director. The parties in the instant case do not challenge the applicability of Chapter 536 as regards the part of these proceedings before the Director.

As noted supra, in addition to appellant's challenge to the sufficiency of the evidence, the instant case requires this court to consider both § 303.290.2 and Chapter 536, how they interrelate when the matter is before the circuit court, and the scope of review by this court subsequent to the determination by the circuit court.

Section 303.290.2 directs that review of the Director's decision shall be available pursuant to Chapter 536. However, once jurisdiction is lodged in the circuit court, § 303.290.2 prescribes that the circuit court shall hear the matter de novo. *De novo* has been defined as, "[A] new trial or retrial had in which the whole case is retried as if no trial whatever had been had in the first instance." Blacks Law Dictionary 1349 (5th ed. 1979) Proceedings of this nature then are subject to § 303.290.2 and not Chapter 536.

■ Section 303.290.2 requires the circuit court to rehear the matter anew. In meeting its responsibility of harmonizing the statutory law of our state, this court construes Chapter 536 and § 303.290 as follows: Licensees and interested parties and the proceedings within § 303.290 are subject to the rule announced in *Spra-*

*dling*. Judicial review of such proceedings may be initiated by a petition for review filed in the county of the licensee at the instance of any interested party. At such time a petition for review is filed, the circuit court shall hear and dispose of the matter de novo which shall require a notice to the parties and the parties shall be permitted to introduce additional evidence, if any, but not duplicative of the evidence before the Director, and the circuit court shall then enter its judgment upon the whole of such evidence. Throughout such proceedings, the Director shall bear the burden of proof, by a preponderance of the evidence, to establish the reasonableness of the Director's decision. Any subsequent appeal shall be from the judgment of the circuit court and not from the decision of the Director.

In the instant case, there is nothing which suggests that any of the parties desired, or in any manner sought, the submission of any additional evidence to that previously submitted to the Director. The challenge to the evidence then is to that evidence submitted exclusively to the Director. Review by this court is then limited to the judgment of the circuit court which entered its judgment affirming the Director's decision exclusively upon the evidence submitted to the Director. The review by this court is then to determine if the circuit court judgment was supported by sufficient or substantial evidence.

■ Contrary to appellant's contention, it must be concluded that the evidence was sufficient upon the whole of the record to support the circuit court's judgment that the decision of the Director was reasonable. It is further to be observed that all future proceedings arising from and within the purview of § 303.290 shall be conducted in conformity with this opinion.

The judgment of the circuit court is in all respects affirmed.

All concur.