**Robert JOHNSTON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 40418.**

Missouri Court of Appeals,
Western District.

Nov. 1, 1988.

Rehearing Denied Dec. 27, 1988.

Application to Transfer Stricken
Jan. 12, 1989.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

L.R. Magee of Hines & Magee, Kansas City, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment reversing the ruling of the Missouri Director of Revenue, who ordered the posting of a bond or, alternatively, the suspension of respondent's motor vehicle operator's license and registration. The judgment is reversed and the cause is remanded to the associate circuit court with specific directions.

Appellant's sole point on appeal charges, in summary, that the associate circuit court erred in reversing the decision of the Missouri Director of Revenue because the deci-

sion of the Director of Revenue was based upon competent and substantial evidence.

Appellant herein is the Missouri Director of Revenue, hereinafter referred to as the Director. Respondent is Robert Johnston, hereinafter referred to as Johnston.

The pertinent facts are as follows:

On December 31, 1986 at about 3:20 p.m., Johnston was operating a motor vehicle northbound on Blue Ridge Boulevard in the City of Raytown, Missouri. By Johnston's own admission, he was traveling 10–15 miles per hour over the posted speed limit of 40 miles per hour. Another driver, Amy McCoy, exited a private driveway and attempted to make a left turn (southbound) on to Blue Ridge Boulevard. Johnston saw the McCoy vehicle and applied his brakes. He swerved to his left (leaving 117 feet of skid marks on the pavement) and collided with the McCoy vehicle.

An on-scene investigation was conducted and accident reports were filed. These reports are part of the record herein. Johnston admitted his excessive speed to the investigating officer. It is uncontested that at the time of the collision, Johnston was an uninsured driver. McCoy's vehicle was damaged in the amount of $5,050.00. In addition, McCoy suffered personal injuries.

Johnston filed a Notice of Accident with the Department of Revenue. State Farm Insurance Company made a similar filing on behalf of Amy McCoy. Pursuant to Johnston's filing of the Notice of Accident, the Director sent Johnston a notice on October 16, 1987 entitled, Notice of Security Requirement or Alternative Right to Request Hearing. This notice contained the determination of security in the sum of $4,314.00 against the property damage sustained by the McCoy vehicle and upon assessment of 40% liability against Johnston.

The premise upon which the foregoing notice was sent is contained within the notice itself and reads, "The Safety Responsibility Unit has determined that there is a reasonable possibility of a money judg-ment being rendered against you as a result of said motor vehicle accident." This notice and the amount assessed as security are authorized by § 303.030, RSMo 1986.[1] Johnston requested a hearing, within the time prescribed, before the Director. A hearing was set for December 1, 1987, at which Johnston appeared. Johnston offered only his affidavit, which reads as follows:

Robert E. Johnston, of lawful age, being duly sworn upon his oath states:

That on December 31, 1986 at approximately 3:20 p.m. he was involved in a vehicular accident with the vehicle of Amy J. McCoy on Blue Ridge Blvd. near 69th Street Terrace.

That at said time he was operating his vehicle north bound when he crested the top of a hill about 100 to 150 yards north of the traffic light at Gregory and Blue Ridge Cutoff. That as he came over the top of the hill a small gold car pulled out from the Stadium Honda driveway in an easterly direction intending to turn left in front of his car to go south. That as the car pulled out in front of him he changed lanes in an effort to avoid striking the car that had pulled out into the four lane roadway and the gold car stopped in his lane of traffic. That he applied his brakes and the road was covered with sand and that he slid on the sand into the side of the stopped car that had pulled out from the private driveway in front of him.

That the McCoy vehicle was insured by the State Farm Mutual Automobile Insurance Company upon whom the affiant made a claim. That the Insurance Company made the independent decision that their insured, Amy McCoy, was 70% to blame for the collision and thereafter paid the affiant 70% of his damages.

Thereafter State Farm made a demand upon the affiant for the payment of $1900.00, 30% of the McCoy damage. Copies of correspondence reflecting these facts are attached. That the determination by the Insurance Company of

---

1. It should be noted that these proceedings occurred prior to the revision of the Safety Responsibility Law requiring mandatory insurance coverage.

the percentage of liability is binding upon the parties and that the affiant, if liable at all, is not liable for more than 30% of the damage.

Furthere (sic) affiant sayeth naught.

On December 15, 1987, the Hearing Officer entered Findings of Fact, Conclusions of Law and Decision. The pertinent portions of those findings, conclusions and the decision were: Johnston traveled northbound on Blue Ridge Boulevard at a speed of 50–55 m.p.h. in an area where the posted speed limit was 40 m.p.h.; Johnston, by affidavit, stated that when he came over the top of a hill, the McCoy vehicle had pulled in front of him and that he applied his brakes but slid on sand covering the roadway; a collision occurred; the police reports listed skid marks of Johnston's vehicle to be 117 feet long; and the collision occurred in the southbound lanes of traffic. Also included were the review of the Johnston affidavit, police reports, Johnston's accident notice, McCoy's accident notice and the medical and property damage reports of McCoy.

The Hearing Officer entered the decision, declaring that there was a reasonable likelihood of a judgment against Johnston. This conclusion was based upon the finding that Johnston "failed to exercise an adequate degree of care by operating his vehicle too fast for conditions of the roadway, thus contributing to the collision."

Fault of 30% was assessed against Johnston and Johnston was directed to post a bond of $2,715.00.

On January 13, 1988, Johnston filed his Petition for Review pursuant to § 303.290, RSMo 1978. The hearing upon the petition was set in the Associate Circuit Court, 16th Judicial Circuit. The Associate Circuit Court ruled that the decision of the Director of Revenue was not supported by competent and substantial evidence and ordered the $2,715.00 bond requirement be set aside. From this judgment, the Director has presented this appeal.

The manner by which the applicable statutory provisions govern such proceedings (as presented by the case herein) was set forth by this court in *Boyd v. Director of Revenue*, 703 S.W.2d 19 (Mo.App.1985), and it serves no purpose to restate the declaration made therein. To say that the record covering the hearing on Johnston's Petition for Review before the Associate Circuit Court is informative and directive in support of the court's judgment would be indeed an overstatement.

The record discloses that neither party presented any additional evidence to the associate circuit court. The only evidence was the record of the administrative procedure.

■ Review by this court is upon the judgment of the associate circuit court and not the decision of the Director. Such review is made pursuant to Rule 73.01. Under Rule 73.01, such review is upon both the facts and the law, *Watkins v. Johnson*, 606 S.W.2d 493 (Mo.App.1980), and while there is a presumption as to the correctness of a court tried case judgment, such judgment will be reversed if it erroneously declares or applies the law, is not supported by substantial evidence or is against the weight of the evidence. *Citizens State Bank of Marshfield v. Friendly Ford, Inc.*, 686 S.W.2d 565 (Mo.App.1985).

■ It should also be noted that in such proceedings as the case herein, the Director has the burden of proof by a preponderance of the evidence to establish the reasonableness of the Director's decision. *Boyd*, 703 S.W.2d at 22. The decision in *Boyd* addressed the precise manner in which cases of this nature are to be processed. In *Boyd*, it was pointed out that the Director's responsibility is to determine from the facts whether there is a "reasonable likelihood" that a judgment will be rendered. In other words, the Director is not authorized to make a determination of any final liability of any operator of a motor vehicle; rather, the determination of "reasonable likelihood" serves the basis upon which the amount of bond or other security is affixed.

■ Before turning attention to the final disposition of the present case, two additional matters not present in *Boyd* present themselves herein. First, the parties ex-

press uncertainty as to who bears the responsibility of securing and presenting the full record of the administrative proceedings to the circuit court under a petition for review. To clarify the matter so that litigants will have no question, this court rules that once the Petition for Review is filed, it shall be the responsibility of the prosecutor of the county where the appeal is taken to secure and present the entire record of any administrative hearing to the circuit court having appropriate jurisdiction of the review. The appropriate circuit court shall not make final disposition of the Petition for Review until the entire record of the administrative hearing has been presented to and reviewed by said court.

 The second matter deals with the question of whether the record of the administrative hearing must be formally introduced into evidence upon the record before the circuit court and if so, by which party.

One might conclude that the duty of evidentiary introduction would fall to the petitioning party. In contrast, since the Director bears the responsibility of establishing the reasonableness of the decision by a preponderance of the evidence, one might presume that evidentiary introduction would fall to the Director. The conclusion reached is that neither party has such a responsibility. Stated another way, there is no requirement for the formal evidentiary introduction of the administrative record.

In fact, in the present case, the administrative record was not formally introduced upon the record of the associate circuit court. In response to that, Johnston, in this court, moved to strike the entire administrative record. That motion was promptly overruled.

The solution to the matter is to be found within § 303.290.2, which mandates only that "any decision, finding or order of the director, under the provisions of this chapter, *shall be subject to review by appeal to the circuit court of the county ... at the* instance of any party in interest." Section 303.290.2, RSMo 1986, thus mandates that the circuit court shall review such matters.

This court further rules that once the administrative record is properly and timely placed with the circuit court, that is fully sufficient (to place the administrative record before the circuit court) and no formal evidentiary introduction of such record by either party is necessary or required.

 As to the disposition of the present case, the judgment of the associate circuit court cannot stand. As noted above, neither party introduced any additional evidence before the court. Either party was entitled to introduce any additional evidence desired so long as such evidence was not duplicative. *Boyd, supra.* The result herein was that the only evidence before the associate circuit court was the administrative record.

 It is evident from a review of the only evidence before the associate circuit court that the decision of the Director was reasonable concerning the determination that there existed a "reasonable likelihood" that a judgment would be rendered against Johnston. Simply put, the judgment of the associate circuit court was against the weight of the evidence that the court had before it and cannot stand.

The judgment is in all respects reversed. The cause is remanded to the associate circuit court with directions to enter judgment to the favor of the Missouri Director of Revenue in full conformity with the prior decision of the Missouri Director of Revenue.

All concur.