Stephen CONNAUGHTON,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE,
Respondent/Appellant.

No. WD 40279.

Missouri Court of Appeals,
Western District.

Nov. 22, 1988.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent/appellant.

Terence L. Connaughton, and Frank D. Eppright, Kansas City, for petitioner/respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

LOWENSTEIN, Judge.

This is an appeal by the Director of Revenue, "Director" from a judgment reversing a ruling by the Director which had suspended the car plates and drivers license of the respondent Connaughton. Section 303.042, RSMo 1986. This cause arose under Chapter 303, RSMo 1986, the Motor Vehicle Financial Responsibility Law, which became effective July 1, 1987. Due to the disposition of the case the facts will be abbreviated.

After having an accident on July 15, 1987 and receiving traffic ticket, the Director sent a notice of hearing to Connaughton for failure to produce an insurance identification card. Section 303.024.5. Later the Director noticed up a hearing for Connaughton's failure to produce proof of financial responsibility, § 303.026.3. After a hearing the hearing officer for the Director determined Connaughton did not comply with § 303.025 and ordered his license and regulation suspended. The case then went to the circuit court of Jackson County.

The legal file in this case shows a "Petition for Review," pursuant to § 303.290.2 was filed by Connaughton on January 6, 1988 in the Circuit Court of Jackson County. Section 303.290.2 reads as follows:

2. Any decision, finding or order of the director, under the provisions of this chapter shall be subject to review by appeal to the circuit court of the county of the residence of the licensee, at the instance of any party in interest, in the manner provided by chapter 536, RSMo, at any time within thirty days after notice is given the licensee of such decision, finding or order. Upon such appeal the cause shall be heard *de novo* and the circuit court may determine the reasonableness of the director's decision, finding or order, and in disposing of the issues before it may modify, affirm, or reverse the decision, finding or order in whole or in part. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken shall appear in behalf of the director, and prosecute or defend as the case may require.

The circuit court hearing and judgment occurred on January 14, 1988, the date the record and exhibits were transmitted from the Department of Revenue in Jefferson City to the Jackson County Court Administrator's office. The record was not received by the records office in Jackson County until January 15, 1988.

The Director, as appellant, asks for a reversal on the basis that the circuit court did not review the record of the administrative hearing before reversing the decision of the hearing officer. It would appear all the trial court had before it when the judgment was rendered was a copy of the find-

ings, conclusions and decisions of the hearing officer.

 The trial court heard no evidence in this case, and did not have before it the record made at the administrative level. Review by this court is on the judgment of the circuit court and not of the decision of the Director. *Boyd v. Director of Revenue*, 703 S.W.2d 19 (Mo.App.1985).

 Without belaboring the sort of unresolvable *renvoi* situation created by the language of Chapter 303 on appeals and that of the provisions of § 536.100, suffice it to say the judgment of the trial court cannot stand. The following language from *Boyd* is presented:

> Section 303.290.2 requires the circuit court to rehear the matter anew. In meeting its responsibility of harmonizing the statutory law of our state, this court construes Chapter 536 and § 303.290 as follows: Licensees and interested parties and the proceedings within § 303.290 are subject to the rule announced in *Spradling*. Judicial review of such proceedings may be initiated by a petition for review filed in the county of the licensee at the instance of any interested party. At such time a petition for review is filed, the circuit court shall hear and dispose of the matter de novo which shall require a notice to the parties and the parties shall be permitted to introduce additional evidence, if any, but not duplicative of the evidence before the Director, and the circuit court shall then enter its judgment upon the whole of such evidence
>
> \* \* \* \* \* \*
>
> It is further to be observed that all future proceedings arising from and within the purview of § 303.290 shall be conducted in conformity with this opinion.

703 S.W.2d at 22.

This court has just decided the local prosecutor must secure and present the administrative record in these kinds of cases. *Johnston v. Director of Revenue*, 762 S.W.2d 444, 448 (Mo.App.1988). The *Johnston* opinion at 448 said the appropriate circuit court, "shall not make final disposition of the Petition for Review until the entire record of the administrative hearing has been presented to and reviewed by said court." The trial court in Johnson had the administrative record, here it did not. *Boyd* and *Johnston* make it clear the trial court may not conduct this type of *de novo* hearing without having before it the administrative record. It was an error of law to enter a judgment without the administrative record, or for that matter additional evidence. *Boyd, Johnston,* and this opinion attempt to delineate an appeal procedure in this type of case. The legislature needs to address the utter inconsistency between chapters 303 and 536. It should also look into redefining the *"de novo"* hearing addressed in § 303.290.2, which is a misnomer.

The judgment is reversed and the cause is remanded to the trial court for a determination of the director's decision based on the administrative record now before the court, plus any additional non-duplicative evidence.