Gene E. DUDLEY, Plaintiff–Appellant,

v.

Don SHAVER, et al., Defendants–Respondents.

No. WD 40405.

Missouri Court of Appeals, Western District.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1989.

Gene E. Dudley, Fordland, pro se.

William L. Webster, Atty. Gen., Kevin M.J. Crane, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

Before COVINGTON, Special Judge, Presiding, and NUGENT and GAITAN, JJ.

NUGENT, Judge.

Plaintiff Gene E. Dudley appeals from the circuit court's order dismissing his petition for failure to state a claim. We affirm.

Mr. Dudley is a prisoner in the Missouri Department of Corrections (MDC). He filed his pro se petition, styled "Motion for Declaratory Judgment," on January 8, 1988. On appellate review of the sufficiency of a petition for declaratory judgment the court must accept as true all of the well-pleaded facts in the petition as well as all of the reasonable inferences that flow from those facts. *Hudson v. Jones*, 278 S.W.2d 799, 802 (Mo.App.1955). The appellate court will, however, consider only the properly pleaded facts and disregard any conclusions. *Id.* The following statement of facts reflects the court's attempt to discern the plaintiff's allegations.

While in the custody of the MDC at the Missouri State Penitentiary, the plaintiff enrolled in paralegal training courses offered by Platte College. He applied for and received a $2,300 scholarship for incarcerated students. Federal funds in the form of a Pell Grant supported the scholarship. The terms of the grant required the plaintiff to maintain particular academic standards and progress toward a degree. If scholarship funds remained after the plaintiff completed his course of education, he would receive the excess funds. He signed the documents that set out those terms.

On May 6, 1987, a team of MDC employees reviewed Mr. Dudley's prison records and adjusted his inmate classification to "level 4." Although prison policy requires such teams to be composed of three members, only two members participated in the plaintiff's hearing. He stated for the record that he refused any transfer because such a transfer would interfere with his educational goals. On June 28, 1987, the prison officials transferred the plaintiff to Moberly Training Center for Men. That institution does not offer the college courses in which Mr. Dudley had enrolled at Missouri State Penitentiary.

The plaintiff challenged the transfer decision through the prison grievance procedure. He exhausted the grievance procedure and obtained no relief. The prison officials informed him that they transferred him because of the need for prisoners of his classification at Moberly Training Center. They further explained that a violent incident on his record justified his transfer. The officials refused, however, to provide him with a copy of the report concerning that incident.

Mr. Dudley named as defendants several MDC employees alleging that they either

participated in the activities leading to the plaintiff's transfer or approved of those activities. He also named Platte College employees, Don Shaver and Greg Fitzpatrick, alleging that they failed to take steps to prevent his transfer.

Plaintiff asked the trial court to declare that the scholarship created a contract, that the contract established a liberty interest and that the defendants committed a breach of that contract. He also asked the court to order the MDC to transfer him to a facility at which he could continue his chosen course of education.

In a subsequent motion he added others as defendants, alleging that they withheld reports documenting his transfer hearing and that by withholding those reports they interfered with his ability to pursue his grievance. A later motion also added Raymond Grayson and Nicholas Pirtle as plaintiffs. He alleged that those prisoners had been subjected to transfers which similarly interfered with their education.

On February 10, 1988, the trial court dismissed the plaintiffs' petition for failure to state a claim for which the court could grant relief. The court granted Mr. Dudley twenty days to amend the petition.

On February 29, 1988, Mr. Dudley filed his amended petition incorporating all of the allegations from his earlier petition. He further alleged that the defendants' actions had deprived him of his rights to equal protection and to due process of law; that he would suffer undue hardship by being denied the opportunity to continue his course of education; that the defendants' purpose in transferring him was to retain the excess funds available under his scholarship. Without further explanation, the plaintiff asserted 42 U.S.C. § 1983 (1981) as a further basis for providing him with relief. The amended petition also added two defendants, alleging that they also had interfered with his request to return to a facility offering paralegal courses.

In his amended petition, plaintiff Dudley asked the court to find that a valid contract existed and was breached; that he has no other adequate administrative or legal remedy; that the defendants deliberately deprived the plaintiffs of their right to due process and to their scholarship funds; and that the scholarships created a protected liberty and property interest. The petition also prayed for actual and punitive damages and attorney fees.

On March 3, 1988, the trial court, sua sponte, dismissed the petition. The court found that the petition failed to establish a cause of action for which the court could order the defendants to transfer the plaintiffs to a facility offering a particular course of study. This appeal followed.

■■■ We agree with the trial court and with the defendants that the plaintiff can claim no potential liberty interest in remaining in a particular state penal institution. Once a conviction has extinguished a person's interest in remaining free from the custody of the state, the state has the authority to place that person in any institution that will satisfy the state's penological objectives. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed. 2d 451 (1976).

■■■ The court's inability to grant the particular relief for which the plaintiff prayed in his petition for declaratory judgment does not necessarily warrant dismissal of the petition. *Transport Manufacturing & Equipment Co. v. Toberman*, 301 S.W.2d 801, 805 (Mo.1957) (en banc). If the facts stated in the petition show any justiciable controversy the court should proceed to declare the rights of the parties. See *Brewer v. Brewer*, 575 S.W.2d 216, 217 (Mo.App.1978). The declaratory judgment statute serves a remedial purpose—to afford relief from uncertainty and insecurity. See § 527.120;[1] *Pollard v. Swenson*, 411 S.W.2d 837, 841 (Mo.App.1967). As a remedial statute, it shall be liberally construed. *Pollard, supra.*

■■ The facts pleaded in the petition must, however, be sufficient to allow the court to enter a decree conclusively determining the rights of the respective parties. *Transport Manufacturing & Equipment*

1. All sectional references are to Revised Statutes of Missouri, 1986.

Co. v. Toberman, supra, 301 S.W.2d at 806. Although we have painstakingly reviewed the plaintiff's petition, we cannot determine his specific complaint against each of the several named defendants. No court can accurately declare the rights of the parties without facts, pleaded and proved, from which the court can determine those rights. For example, although the plaintiff pleads the existence of a contract, we cannot determine from his petition the identity of the other party to the contract. We cannot declare his rights under a contract because we do not know against whom he may assert those rights. Moreover, we cannot determine what rights the plaintiff acquired or what obligations the other parties to the alleged contract undertook because the pleading does not inform us what the terms of the contract are.

A properly pleaded petition might have established the necessity for declaratory relief. *Pollard, supra.* The court cannot, however, declare the plaintiff's rights from an amorphous mass of unspecific and misdirected allegations. Here, plaintiff's petition appears to confuse contract claims with tort claims, civil rights claims, and habeas corpus claims and to throw them all into the same pot. Courts should show tolerance and patience toward pro se litigants. *Cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). But judicial tolerance does not contemplate judicial guesswork. Even a pro se petition must clearly inform the court of the plaintiff's legal claim and the facts upon which he bases his claim. Because Mr. Dudley's amended petition failed to do so, we affirm the trial court's decision to dismiss it.

All concur.