**Larry Ray GRAHAM, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

**No. 16674.**

Missouri Court of Appeals, Southern District, Division Two.

June 27, 1990.

Motion for Rehearing or Transfer to Supreme Court Denied July 18, 1990.

Application to Transfer Denied Sept. 11, 1990.

---

Richard E. Duggan, Sunrise Beach, for petitioner-respondent.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

MAUS, Judge.

The Director of Revenue suspended the driving privileges and motor vehicle registration of Larry Ray Graham pursuant to § 303.041.1 (Failure to Maintain Financial Responsibility). He did so as a result of a report of Graham's failure to produce an insurance identification card, § 303.024.5, upon a random stop by a police officer. Following a hearing, the circuit court reversed the action of the Director who appeals.

The following synopsis of the facts is sufficient for the disposition of the issue presented. On May 28, 1988, Graham was driving an automobile in the City of Camdenton. Graham did not maintain his financial responsibility in respect to that automobile "in a manner provided for in section 303.160, or with a motor vehicle liability policy which conforms to the requirements of the laws of this state." § 303.025.2. Graham was stopped by a police officer. Upon the officer's request, Graham could not produce the prescribed card. He admitted the automobile "was uninsured".

Graham testified that he was driving the uninsured automobile to work because the vehicle he normally used was being repaired. He was involved in no accident and was issued no ticket. He had no idea why he was stopped. The officer asked about insurance and left. Graham contended his driving privileges and vehicle registration should not be suspended because he was unlawfully stopped. In response to that contention, the Administrative Hearing Officer made the following finding.

"1) Petitioner argued there was no 'probable cause' for the police officer to stop him. Section 303.026.3 provides for random sampling of motorists to determine compliance with 303.025; Respondent does not need articulable probable cause to proceed in these matters. Section 303.024.5 provides that an officer may ask for an insurance identification card when he stops a motorist. Even though it does not appear Petitioner was issued a traffic summons out of the incident, there is no evidence supporting a finding he was stopped unlawfully."

That finding, as basis for suspension, is fundamentally flawed. Section 303.026 does provide for "random sampling". But, the random sampling referred to in that section is to be accomplished by the Director, not by a police officer of the city of Camdenton.

The suspension authority of the Director is expressed in the following language.

"If the director determines that the operator or owner of a motor vehicle has not maintained the financial responsibility required in section 303.025 as a result of a financial responsibility *verification sample as provided for in section 303.-026,* or as a result of an accident report as required by section 303.040, or either, the director shall ... suspend the license of the owner or operator, or both, and all registrations of the owner's motor vehicles failing to meet such requirement." § 303.041.1. (Emphasis added.)

"The director shall annually select for financial responsibility verification, a sample of the motor vehicle registrations or licenses which is statistically significant to determine the number of uninsured motorists in the state of Missouri, or to insure compliance. The director may utilize a variety of sampling techniques including but not limited to the processing of uniform traffic tickets, point system warning letters, and random surveys of motor vehicle registrations." § 303.026.3.

"An insurance identification card shall be carried in the insured motor vehicle at all times. The operator of an insured motor vehicle shall exhibit the insurance identification card on the demand of any peace officer *who lawfully stops* such operator while that officer is engaged in the performance of the duties of his office. If the operator fails to exhibit an insurance identification card, the officer shall notify the director of revenue, in the manner determined by the director." § 303.024.5. (Emphasis added.)

It may be assumed that the Director's action upon the basis of a notification by a police officer, as prescribed in § 303.024, is a "sampling technique" authorized in § 303.026.3. However, the notification prescribed is to be made by an officer "who *lawfully* stops such operator". (Emphasis added.) To support a suspension the burden is upon the Director to establish a basis for that suspension; in this instance, a lawful stop. *Johnston v. Director of Revenue,* 762 S.W.2d 444 (Mo.App.1988); *Connaughton v. Director of Revenue,* 760 S.W.2d 604 (Mo.App.1988).

In apparent recognition of that burden, in this court the Director relies upon *State v. Rankin,* 477 S.W.2d 72, 75 (Mo.1972), in which the court said: "It is clear that an officer has a right to stop an automobile to make a routine check for an operator's license." Also see *Kansas City v. Fulton,* 533 S.W.2d 677 (Mo.App.1976); *United States v. Turner,* 442 F.2d 1146 (1971).

However, the police officer's stop of Graham was a "random stop". The Director's reliance upon the authority of the cases cited does not take into account subsequent decisions of the Supreme Court of the United States dealing with the lawfulness of such random stops. In *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), that Court condemned random stops, using the following language.

"Accordingly, we hold that except in those situations in which there is at least *articulable and reasonable suspicion that a motorist is unlicensed* or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, *stopping an automobile and detaining the driver in order to check his driver's license* and the registration of the automobile *are unreasonable under the Fourth Amendment.* This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative. We hold only that persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the *unbridled discretion of police officers." Id.* 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673–674. (Emphasis added.)

The validity of that case has been confirmed in *Brown v. Texas,* 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979) and in Michigan Department of State Police v. Sitz, 47 Crim.L.Rep. 2155 (BNA), No. 88–1897 (U.S. Supreme Court, June 14, 1990).

In the latter case, the court said: "In *Delaware v. Prouse,* supra, we disapproved random stops made by Delaware Highway Patrol officers in an effort to apprehend unlicensed drivers and unsafe vehicles." 47 Crim.L.Rep. at 2157. Those interested in the establishment of checkpoints and other procedures for the lawful stopping of vehicles to check on driver's licenses and similar requirements may consult Michigan Department of State Police, supra, and *State v. Welch,* 755 S.W.2d 624 (Mo.App. 1988).

The officer's random stop of Graham was not lawful. The Director did not have a proper basis for the suspension. The judgment of the circuit court is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.

### ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

By a motion for rehearing or transfer, the Director insists the foregoing opinion is in error because the "exclusionary rule" does not apply in civil proceedings. He argues "[s]ince the exclusionary rule does not prevent the use of evidence obtained from an illegal arrest in a subsequent administrative suspension action, the officer notice can be used in the underlying proceeding at issue here".

That argument does not demonstrate the opinion is erroneous. It does establish that counsel has failed to recognize that the opinion is based upon statutory construction.

The relevant statute prescribes the Director may suspend driving privileges and registration when he determines an operator owner has failed to maintain financial security "as the result of" two alternative sources. § 303.041.1. When the statutes are construed together, as in the foregoing opinion, the Director's determination must be *the result of* a notice stemming from a *lawful* stop. § 303.024.5. This court cannot find in the relevant statutes a legislative intent to predicate action of the Director upon the basis of a stop that violates the Fourth Amendment to the Constitution of the United States. The motion is denied.

All concur.