**Andrew W. KING, Sr., Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 43343.**

Missouri Court of Appeals, Western District.

March 19, 1991.

**358**

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

John F. Payne, Kansas City, for respondent.

Before NUGENT, C.J., ULRICH, J., and WASSERSTROM, Senior Judge.

NUGENT, Chief Judge.

The Director of Revenue, respondent in the associate circuit court action, appeals a judgment by that court reversing the Director's suspension of the driver's license of Andrew W. King, Jr. The Director argues that the trial court erred in reversing the suspension ordered by a Department of Revenue administrative hearing officer because the order rested on substantial and competent evidence. We reverse the trial court's judgment and remand with directions.

On November 6, a Department of Revenue hearing officer entered a final decision finding Mr. King 100 per cent at fault in an automobile accident and upholding the department's suspensions of his driver's license and vehicle registration under the provisions of "The Motor Vehicle Financial Responsibility Law," §§ 303.010–303.044.[1] Mr. King sought de novo review of the decision in the associate circuit court. The trial court's docket sheet, however, incorrectly denominated his cause of action "DWI REVIEW/302.535 TRIAL DE NO." On March 15 the associate circuit court called the case, and the record of the hearing in its entirety reads as follows:

THE COURT: Andrew King.

MR. PADEN: [for the Director of Revenue]. This is a pseudo hardship, I believe. What happened was his SR–22 elapsed—or lapsed, and now it's back in effect, and no—I'm not going to oppose it.

THE COURT: What is it, a circuit court case? It's sort of—

MR. ROQUE: [for Mr. King] I don't know.

THE COURT: —dressed up like it.

MR. ROQUE: I think it was denominated by Payne as a petition for trial de novo.

THE COURT: Okay.

MR. ROQUE: That's what we decided last time—

THE COURT: All right.

MR. ROQUE: —actually. He's trying to ride the horse.

THE COURT: Okay.

On March 15, 1990, without issuing findings of fact and conclusions of law, the court reversed the hearing officer's decision and the Director appealed.

■ In addressing trial court review of a decision by the Director to suspend a driver's license and vehicle registration ordered for failure to maintain financial responsibility, we review the trial court's judgment, not the Director's decision. *Connaughton*

---

1. All sectional citations refer to Missouri Revised Statutes, 1986.

*v. Dir. of Revenue,* 760 S.W.2d 604, 606 (Mo.App.1988); *Boyd v. Dir. of Revenue,* 703 S.W.2d 19, 22 (Mo.App.1985). Section 303.290.2 mandates de novo review in the circuit court of any decision by the Director made under the provisions of the Financial Responsibility Law, "at the instance of any party in interest ..." *Boyd, supra,* at 21–22. The section further requires that appellate review of the trial court's judgment follow the procedure "as in all other civil cases." Thus, on appeal of the judgment of the circuit court after trial de novo, we apply the standard of review applied in all civil cases tried to the court. We must affirm the trial court's judgment unless it erroneously declares or applies the law or no substantial evidence supports it or the weight of the evidence compels another result. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976) (en banc).

The record shows that the associate circuit court did not hear the cause de novo at all. The one page transcript of the "hearing" consists of an unintelligible colloquy between the court and trial counsel. Moreover, the docket sheet incorrectly denominated the nature of the cause of action. Thus, perhaps through no fault of its own, the trial court committed an error of law by failing to apply the provisions of § 303.290.2. Moreover, from the record available to us, we cannot tell whether the cause properly pended before the associate circuit court rather than the circuit court. Accordingly, we must reverse the court's judgment and remand this case for a trial de novo under the provisions of § 303.290.2. *See Connaughton, supra.*

All concur.