**Martin E. TEAT, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.**

**No. WD 43530.**

Missouri Court of Appeals, Western District.

April 9, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Stephen R. Hemphill, Liberty, for respondent.

Before NUGENT, C.J., and ULRICH and BRECKENRIDGE, JJ.

NUGENT, Chief Judge.

The Director of Revenue, respondent in the associate circuit court action, appeals a judgment by that court reversing the Director's suspension of the driver's license of Martin E. Teat. The director argues that the trial court did not have subject matter jurisdiction over the action and, therefore, could not adjudicate it. Further, the director argues that, assuming arguendo that the trial court did have jurisdiction, it nevertheless erred in declaring the suspension invalid on the ground that it arose from an illegal traffic stop of Mr. Teat. We vacate in part and reverse in part the trial court's judgment.

The parties do not contest the evidence. On March 8, 1990, Jim Wright, a Liberty police officer, stopped Mr. Teat as he drove eastbound on a street marked as one-way, westbound. Mr. Teat could not produce proof of insurance as requested by the officer, who then gave him a ticket for travelling the wrong way down a one-way street and later, under his department's policy, notified the director of Mr. Teat's failure to show proof of automobile insurance.

The director notified Mr. Teat that on April 17 the state would suspend his driving privileges under § 303.041.1[1] if he could not prove that on March 8 he had automobile insurance as required by § 303.025. The notification also advised him of his right to an administrative hearing.

Mr. Teat did not request a hearing. Instead, on April 6, he filed a "Petition for Review of Suspension or in the Alternative a Hardship License" in the Associate Circuit Court of Clay County. The trial court issued an order on April 11 staying the suspension until it could resolve the question regarding hardship driving privileges.

1. All sectional citations refer to Revised Statutes of Missouri, 1986.

On May 24, Mr. Teat tried his case to the court, which heard the testimony of Officer Wright. The officer testified that the one-way sign on Arthur Street had gone up a week before he stopped Mr. Teat. He testified further that the street became a one-way street due to construction and that on March 8 he believed that the City of Liberty had officially designated it as a one-way thoroughfare. The state conceded, however, that on that date the city had not yet officially made Arthur Street one way.

The court found that the director had no authority to suspend Mr. Teat's driving privileges because of the unlawful nature of the traffic stop [2] and ordered an end to any effort to enforce the suspension. The director appealed.

In his first point on appeal, the director contends that the trial court did not have jurisdiction in this action because Mr. Teat failed to exhaust his administrative remedies. He maintains that under *Randle v. Spradling*, 556 S.W.2d 10, 11 (Mo.1977) (en banc), the administrative action encompassed in § 303.041.1, and the corresponding duties of the director and the licensee's right to judicial review, outlined in § 303.290, constitute a "contested case." § 536.010(2) defines a "contested case" as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." *Id.* The director concedes that under § 303.290.2 a party may seek review in the circuit court of any decision, finding or order made by the director. He argues, however, that this statute, along with the general provisions for judicial review of "contested cases" in chapter 536, require that an administrative hearing preceed that review. Thus, the director concludes, since Mr. Teat failed to request the administrative hearing guarantied him at his instance under *Randle, supra*, and under §§ 303.041.1 and 303.290.1, he may not seek judicial review under § 303.290.2 and chapter 536.

Before we address the question of jurisdiction, however, we must first address the director's third point on appeal, that the trial court erred in declaring unlawful Officer Wright's traffic stop of Mr. Teat. The director argues that the officer had probable cause to stop Mr. Teat and, therefore, made a valid traffic stop. Regardless of the validity of the citation issued, continues the director, the suspension of Mr. Teat's driving privileges for lack of automobile insurance remains valid.

Addressing this issue independently requires that we in fact bifurcate the order of the associate circuit court, reading it as both an order to the director to cease suspension and as a declaratory judgment declaring the traffic stop illegal. We may do this because Mr. Teat's petition to the trial court reads as both a request for review and for a ruling that Officer Wright conducted an illegal stop.

In *Nicolai v. City of St. Louis*, 762 S.W.2d 423 (Mo.1988), the Missouri Supreme Court en banc mapped out a similar bifurcation procedure involving administrative appeals. There, the City of St. Louis obtained a conviction in the municipal court against the plaintiff, whose home contained nineteen cats, on the misdemeanor charge of operating a kennel without a license. De novo review awaited the outcome of the declaratory judgment suit he filed in the circuit court in which he disputed the city's right to tax his premises as a kennel. He kept the cats for pleasure, he claimed, not business. The circuit court dismissed his action in part for his failure to exhaust his administrative remedies, namely, a hearing before the Board of Tax Appeals. Judge Higgins, writing for the court,[3] reasoned, in part, that because the ordinance required a license of any person possessing five or more cats at any one place, it would not admit of an interpretation exempting from the tax a category of cat-owners deriving no profit from their cats. The court would not fault the plaintiff "for failing to follow through with the hollow formality of filing

---

**2.** The order noted that the city had since dismissed the traffic charge against Mr. Teat.

**3.** Judge Higgins began the opinion with a quotation from Abraham Lincoln, "No matter how much cats fight, there always seem to be plenty of kittens."

a petition with the Board of Tax Appeals." *Id.* at 425. Rather, it held that he properly sought judicial determination of his claim. *Id.*

■ As with the plaintiff in the multiplying kitten case, an administrative hearing could not have addressed Mr. Teat's allegation that Officer Wright subjected him to an illegal traffic stop. As in *Nicolai,* only the trial court could decide the legality of the stop, and that it could do by a declaratory judgment.

■ Section 527.010 permits trial courts to enter declaratory judgments. Because the legislature intended that section as a remedial law affording relief from uncertainty, courts must interpret it liberally. *Dudley v. Shaver,* 770 S.W.2d 712, 714 (Mo.App.1989); § 527.120. Thus, in reviewing a petition for declaratory judgment, we accept as true all of the well-pleaded facts and their concomitant reasonable inferences, ignoring all conclusions. The test for the sufficiency of a petition for a declaratory judgment hinges on whether the parties show entitlement to a declaration of rights or status on the pleaded facts. *Harris v. State Bank and Trust Co. of Wellston,* 484 S.W.2d 177, 178 (Mo. 1972). If the facts demonstrate any justiciable controversy, the trial court should declare the rights of the parties. *Dudley, supra,* at 714.

■ In paragraph three of his petition, Mr. Teat states that at the time of the stop, the City of Liberty had not designated Arthur Street as one way, and that the city had dismissed the citation against him. Based on that uncontroverted fact, he alleges the illegality of the traffic stop. Further, along with praying for an order vacating the suspension, he prays the court for "other and further relief ..." That pleading constituted a petition for a declaratory judgment sufficient to permit the trial court to declare the rights of the parties.

Mr. Teat relies primarily on *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), and *Downs v. Dir. of Revenue,* 791 S.W.2d 851 (Mo.App.1990), in maintaining that Officer Wright subjected him to an unlawful search. The facts of each case totally distinguishes it, however, from the case before us.

In *Delaware v. Prouse,* the United States Supreme Court affirmed a trial court's suppression of drugs seized from an automobile stopped as the result of a random traffic stop conducted by the police to determine whether the driver had a proper driver's license and vehicle registration. Finding that the search violated the Fourth Amendment, the Court held that only where the police had probable cause to believe a motorist had violated some traffic ordinance could they stop that person to check documentation. *Id.* at 661, 99 S.Ct. at 1400.

In *Downs, supra,* a police officer stopped a driver for an unspecified reason, and after the driver failed to provide proof of financial responsibility, notified the state. The Eastern District of this court affirmed the circuit court's reversal of the director's suspension of the automobile owner's driver's license and vehicle registration, reasoning that because the record did not indicate on what grounds the police officer stopped the driver, the suspension resulted from an unlawful traffic stop. 791 S.W.2d at 852–53. The court defined a lawful traffic stop as one in which the officer reasonably suspects that criminal activity occured at the time of the stop. *Id.* at 853.

Here, the record clearly indicates the reason for the traffic stop—the officer saw Mr. Teat driving against traffic on a street marked with a one-way sign. Officer Wright in good faith and with good reason believed that the city had designated Arthur Street as a one-way street. In no way did he conduct a random or arbitrary traffic stop.

■ Mr. Teat further argues, however, that since he violated no traffic ordinance, the officer conducted an illegal stop. Here, the applicable holding of a case he relies on not only again flies in the face of his argument, it lays to rest and seals the tomb of his argument. In *Downs, supra,* the court deemed irrelevant the proof of a traffic violation when addressing the question of proof of financial responsibility. *Id.* at 853.

The evidence adduced need only come from a legal traffic stop, as happened here. Had the officer stopped Mr. Teat illegally, we could address the trial court's jurisdiction to order the director to refrain from enforcing the suspension, since the suspension itself automatically would have become invalid. Now, however, we must independently address the issue of the associate circuit court's jurisdiction to enter that order.

The director correctly argues that the proceedings contained in §§ 303.041 and 303.290 constitute "contested cases." *Randle, supra,* held that because § 303.290 mandates a hearing at the instance of any party, the procedures in chapter 303 constitute contested cases under § 536.010(2), which permits determination of legal questions only after a hearing. 556 S.W.2d at 11. Moreover, § 303.290.2 states that parties may seek judicial review of the director's decision "in the manner provided by chapter 536...." § 536.100 provides that any party to a contested case who has exhausted all administrative remedies may seek judicial review in the circuit court.

Although § 303.290.2 creates some ambiguity by stating that "any decision, finding or order of the director" under chapter 303 "shall be subject to review by appeal to the circuit court ... at the instance of any party in interest, in the manner provided by chapter 536...," *Randle, supra,* and § 536.100, dispel that ambiguity by requiring that an administrative hearing precede such judicial review.

Mr. Teat did not seek a hearing, therefore, he may not seek judicial review of the director's suspension order. Thus, although the trial court had jurisdiction to enter a declaratory judgment on the legality of the traffic stop, it did not have the jurisdiction to order the director to refrain from suspending Mr. Teat's driver's license and vehicle registration.

Having found for the director on these points on appeal, we need not address his remaining point.

For the foregoing reasons, we vacate the order of the associate circuit court instruct-ing the director to refrain from suspending Mr. Teat's operator's license and reverse that court's declaratory judgment finding the traffic stop illegal. We remand the cause to the associate circuit court with directions to set aside its order staying the director's suspension of Mr. Teat's driving privileges and to reinstate the director's order of suspension effective as of the date of the court's order of reinstatement.

All concur.