**Leonard SAFLEY, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. WD 40687.**

Missouri Court of Appeals,
Western District.

Feb. 7, 1989.

Leonard Safley, Kansas City, appellant pro se.

William L. Webster, Atty. Gen. and James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, J., Presiding, and TURNAGE, J., and COVINGTON, Special Judge.

ANN K. COVINGTON, Special Judge.

Leonard Safley appeals from an order of the trial court affirming the administrative decision of the Director of Revenue. The judgment is affirmed.

On July 2, 1987, Leonard Safley, while driving a vehicle owned by him, was involved in a two-car accident in Jackson County. David Joyce was the driver of the other vehicle. Joyce filed notice of the accident with the Department of Revenue on October 2, 1987. Safley filed a report of the accident on October 20, 1987. Safley's report failed to show that he maintained financial responsibility for the vehicle involved. The Director of Revenue instituted proceedings against Safley.

Relying on section 303.040.1, RSMo 1986, Safley objected to proceedings before the Department of Revenue on the ground that the motor vehicle accident report filed by Joyce was not filed within thirty days of the accident.

Section 303.040.1 provides in pertinent part:

> The operator or owner of every motor vehicle which is involved in an accident within this state ... with an uninsured motorist, upon the streets or highways thereof, ... in which any person is killed or injured or in which damage to property of any one person, including himself, in excess of five hundred dollars is sustained, and the owner or operator of every motor vehicle which is involved in an accident within this state if such owner or operator does not carry motor vehicle liability insurance shall, *within thirty days* after such accident, report the matter in writing to the director.

(Emphasis added.)

After a hearing upon evidence adduced by affidavits of Safley and Joyce and police records, the Director concluded that he was authorized to proceed under chapter 303, RSMo 1986, that Safley was sixty per cent at fault, and that Safley had owned or operated a motor vehicle in this state without maintaining financial responsibility. The Director required Safley to post a bond or have his operator's license and the motor vehicle registration plates of all vehicles owned by him suspended for one year, pursuant to section 303.030, RSMo 1986. The Director also suspended Safley's driving privileges and the motor vehicle registration on the vehicle involved in the accident for sixty days, pursuant to sections 303.-041–.042, RSMo 1986.

Safley claims trial court error in affirming the decision of the Director on the ground that the Director was without "jurisdiction" to proceed. Safley contends that

the reporting provision, section 303.040.1, sets a mandatory thirty-day period in which to file an accident report. Because Joyce failed to file his accident report within the thirty-day period, Safley argues, the Director's reliance on the accident report as a basis for action against Safley was impermissible.

Although Safley raises the issue of the Director's ability to proceed against him in any manner whatsoever on the ground that Joyce failed timely to file an accident report, Safley does not distinguish between the two separate actions taken by the Director. The Director's authority in this case, however, arises from distinct statutory provisions. The Director's decision to require Safley to deposit security or have his operator's license and the motor vehicle registration plates of all vehicles owned by him suspended for one year was made pursuant to section 303.030. The decision to suspend Safley's driving privileges and the motor vehicle registration of the vehicle involved in the accident for sixty days was made pursuant to sections 303.041–.042. The actions taken by the Director must, therefore, be analyzed separately.

The Director's order to post a security deposit is made on the basis of information obtained through accident reports required to be filed by section 303.040.1 and through information obtained from other parties involved in the accident. § 303.040.2, RSMo 1986. Pursuant to sections 303.030.1–.030.-2, the Director determines an amount sufficient to satisfy any judgment for damages resulting from the accident and notifies the uninsured that failure to make the deposit will result in suspension of the license of the operator and all registrations of the owner's motor vehicles.

Section 303.040.1 clearly requires that the accident report be filed within thirty days. The statute provides that if an operator is physically incapable of making the report, the owner must report within thirty days of learning of the accident, and if an owner-operator is incapable of making the report, he must file as soon as he is capable. If the report is late because of incapability of the owner or the operator, a doc-

tor's certificate must be filed with the report. § 303.040.1.

The question then becomes what penalty, if any, is applicable in the event that the report is not filed within the thirty-day period specified in section 303.040.1. Section 303.370.1, RSMo 1986, specifically provides penalties for non-compliance with the reporting provisions:

Failure to report an accident as required in section 303.040 shall be punished by a fine not in excess of five hundred dollars, and in the event of injury or damage to the person or property of another in such accident, the director shall suspend the license of the person failing to make such report ... until such report has been filed or for no more than one year....

■ Safley argues that the penalties contained in section 303.370.1 apply only to uninsured motorists who fail to file. Sanctions against the insured motorist who fails to file or timely file, he contends, would make no sense.

Safley's argument fails for two reasons. First, no language in section 303.370.1 indicates that insured operators or owners should be treated differently from uninsured motorists who fail to report an accident. Further, Safley's contention must be premised on the belief that the insured operator or owner is the sole person to derive benefit from the information contained in the accident reports and, thus, the insured motorist should not be sanctioned if he decides not to file a report. Such an assumption is erroneous.

■ The purpose of the financial responsibility law is to protect the public from injury or damage caused from the operation of motor vehicles. *City of St. Louis v. Carpenter*, 341 S.W.2d 786, 788 (Mo.1961). Those who hinder this objective should be sanctioned. Owners and operators of motor vehicles possess knowledge of circumstances surrounding an accident and information useful to the Director's determination of liability. Non-operators, however, such as passengers and pedestrians, may also require protection from damages caused by an uninsured motorist's negli-

gence. Absent timely filing of accident reports by the operators and owners, complete information concerning the accident cannot be determined. Imposition of sanctions against the owner or the operator who fails to file timely is therefore justified. To hold that an untimely filing of an accident report should prevent the Director from requiring a security deposit would effectively eliminate any recourse a non-operating party might have against the uninsured motorist. The filing of an accident report after the thirty-day time period, therefore, does not prevent the Director from requiring a deposit to secure payment of potential damages. Late filing merely subjects the late filing party to the sanctions of section 303.370.1. The Director's decision to require Safley to deposit security and the trial court's affirmance thereof was therefore not erroneous.

■ The Director further proceeded against Safley by ordering suspension of Safley's driving privileges and his vehicle registration for sixty days. The Director's decision was responsive to the requirement that all owners and operators of motor vehicles in Missouri must maintain financial responsibility. § 303.025.1, RSMo 1986. Safley failed to maintain financial responsibility for his vehicle either through insurance or in any other manner required by section 303.160, RSMo 1986. § 303.025.2, RSMo 1986. Consequently, Safley was in violation of section 303.025.1.

Failure to maintain financial responsibility warrants suspension of the owner or operator's driver's license and the vehicle registration:

> If the director determines that the operator or owner of a motor vehicle has not maintained the financial responsibility required in section 303.025 as a result of a financial responsibility verification sample as provided for in section 303.026, or as a result of an accident report as required by section 303.040, or either, the director shall thirty-three days after mailing notice to the owner or operator suspend the license of the owner or operator, or both, and all registrations of the owner's motor vehicles failing to meet such requirement.

§ 303.041.1, RSMo 1986.

In spite of the clear directive of the statute, Safley contends that, since it was Joyce's report which led the Director to discover Safley's failure to maintain financial responsibility, and since Joyce's report was untimely filed, the Director was without authority to enforce the provisions of section 303.041.1.

Safley fails to recognize that section 303.041.1 does not limit the time in which the Director may become informed of a motorist's lack of financial responsibility. The statute simply provides that when the Director determines that the owner or operator has not maintained financial responsibility, suspension is warranted. The Director may make such a determination through either a financial responsibility verification sample or an accident report as required by section 303.040. Consequently, although the sanction of suspension does apply to drivers involved in an accident, the sanction also applies to anyone whom the Director may determine to be in noncompliance with section 303.025. The accident report is simply one method by which the Director may obtain names of violators.

The statutes contain no indication whatsoever that the legislature intended to permit a party's late filing to dispossess the Director of authority to sanction a clear violation of the law. Regardless of when Joyce's report was filed, therefore, the Director properly determined that Safley lacked financial responsibility and was subject to the suspension provisions of section 303.041.1.

Accordingly, the decision of the trial court is affirmed.

All concur.