**Michael and Janet HENEREY, Respondents,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 55063.

Missouri Court of Appeals,
Eastern District,
Division One.

March 21, 1989.

Leland C. Smith, II, St. Charles, for appellant.

William L. Webster, Atty. Gen. James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondents.

CRIST, Judge.

Director of Revenue (Director) appeals from an order of the circuit court setting aside the suspension of respondents' vehicle registration and the suspension of respondent Janet Henerey's (wife) driver's license for her failure to meet the requirements of the Motor Vehicle Financial Responsibility Law, Chapter 303 RSMo 1986. We reverse.

On September 13, 1987, wife, while driving a pickup she and her husband owned, was issued a traffic ticket by an O'Fallon police officer for operating the pickup with expired license plates in the City of O'Fallon. The ticket cited wife to appear before the O'Fallon City Court on October 19, 1987. Upon the officer's request, wife failed to produce proof of insurance. The officer noted this on the left-hand margin of the ticket where he printed "No proof of insurance." A copy of the ticket was mailed to Director.

On October 5, 1987, Director, pursuant to § 303.041, RSMo 1986, mailed notice to respondents that wife's driver's license and respondents' registration of the pickup would be suspended for sixty days, effective November 7, 1987, for failure to provide proof of financial responsibility. The notice also informed respondents of their right to an administrative hearing to show they had maintained financial responsibility. Respondents requested a hearing. They appeared at the hearing through affidavits, admitting the pickup was uninsured. The Administrative Hearing Officer affirmed the suspensions. Respondents appealed this decision to the circuit court.

At the circuit court, respondents filed a Motion for Judgment on the Pleadings. The trial judge, without stating any grounds for his decision, sustained the motion, reversing the ruling of the Administrative Hearing Officer and re-instating wife's driver's license and respondents' vehicle registration. The trial judge had the benefit of the record from the administrative hearing at the time of his decision.

Director asserts the trial judge erred in re-instating wife's driver's license and respondents' vehicle registration because the procedures Director used to discover respondents' noncompliance with the Motor Vehicle Financial Responsibility Law were in accordance with the statutes. Respondents assert Director did not institute the proceedings pursuant to § 303.026, RSMo 1986, because the Director was notified by a copy of the ticket sent by the peace officer, and not upon *processing of Uniform Traffic Tickets* as required by statute. Respondents contend "processing of uniform traffic tickets" as used in the statutes requires that a ruling has been made on the question of guilt to the offense charged by the ticket.

Two statutes provide for notification of the Director of violations of the Motor Vehicle Financial Responsibility Law. Section 303.024.5 provides:

5. An insurance identification card shall be carried in the insured motor vehicle at all times. The operator of an insured motor vehicle shall exhibit the insurance identification card on the demand of any peace officer who lawfully

stops such operator while that officer is engaged in the performance of the duties of his office. *If the operator fails to exhibit an insurance identification card, the officer shall notify the director of revenue,* in the manner determined by the director.... [our emphasis].

Section 303.026 provides:

3. The director shall annually select for financial responsibility verification, a sample of the motor vehicle registrations or licenses which is statistically significant to determine the number of insured motorists in the state of Missouri, or to insure compliance. *The director may utilize a variety of sampling techniques including but not limited to* the processing of uniform traffic tickets, point system warning letters, and random surveys of motor vehicle registration. [our emphasis].

We find the trial court erred in overruling the decision of the Administrative Hearing officer because the procedures used by the Director to discover the violation were proper. There was no dispute as to the facts because respondents admitted the pickup was uninsured. It was the duty of the police officer to notify the Director of the violation of the law. The question of wife's guilt to the alleged violation for not displaying valid license plates had no relevance to her obligation of financial responsibility. The "processing" of uniform traffic tickets is not so limited as to require that a court proceeding has been held on the merits of the traffic ticket prior to Director initiating proceedings for violation of the financial responsibility law. Further, § 303.026.3 expressly provides the Director was not limited to the discovery methods listed by the statute.

The judgment of the trial court is reversed and the decision of the administrative hearing officer is re-instated.

CRANDALL, P.J., and REINHARD, J., concur.