**Kathryn HUFF, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 55818.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 18, 1989.

James Artelle Chenault III, Jefferson City, for appellant.

Charles Huber, St. Ann, for respondent.

GARY M. GAERTNER, Judge.

This is an appeal from a judgment reversing the ruling of the Missouri Director of Revenue which ordered the suspension of respondent's motor vehicle registration and motor vehicle operator's license. We reverse.

Respondent, Kathryn Huff, was involved in a traffic accident with her van on August 8, 1987. Appellant, the Director, sent respondent notice requesting proof of financial responsibility which stated that if such proof was not provided or a hearing requested, her driving privilege and motor vehicle registration would be suspended effective October 24, 1987.

Respondent requested a hearing and testified that the van had been purchased by her husband who put her name on the application without her knowledge or consent. However, respondent also testified that she took the application and papers and purchased plates for the van. Respondent never drove the van except on the day in question when she was involved in the collision. Respondent maintained liability insurance on her own automobile, however, her husband had cancelled the insurance on the van without her knowledge.

The Director found that respondent owned the van and had operated the van without the liability insurance required by RSMo § 303.025 (1986) and therefore, suspended her license and registration.

Respondent appealed pursuant to RSMo § 303.290 (1986). The Circuit Court of St. Louis County reversed the Director and reinstated respondent's driving privileges and vehicle registration. At this hearing, respondent was permitted to give testimony duplicative of the evidence already contained in the administrative record. The Director objected citing *Boyd v. Director of Revenue*, 703 S.W.2d 19 (Mo.App., W.D. 1985) and now appeals from the circuit court decision.

In *Boyd*, appellant struck a motor vehicle while coming out of a private drive; he had no liability insurance as required by § 303.025. Appellant requested a hearing after the director found that there was a "reasonable likelihood that a judgment will be rendered against George Boyd." *Id.* at 20. The circuit court affirmed without a hearing based on the record from the hearing below and Boyd appealed claiming that § 303.290 entitled him to a *de novo* hearing. The court of appeals affirmed holding that *"de novo"* for purposes of § 303.290

meant that the circuit court should "require a notice to the parties and the parties shall be permitted to introduce additional evidence, if any, but not duplicative of the evidence before the director...." *Boyd,* 703 S.W.2d at 22.

The Director first claims that, as the circuit court failed to follow *Boyd* by allowing duplicative evidence, this court must reverse. Respondent claims we are not bound to follow *Boyd* because it was issued by the Western District and is unsound. As the circuit court's decision is against the weight of the evidence, however, we need not reach this issue.

The appropriate standard of review in judge tried cases is governed by Rule 73.01 as interpreted in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). In *Murphy,* the court held that the trial court will be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

Here, although her husband put her name on the title without her knowledge or consent, respondent knew from her purchase of plates for the van that it was titled to her. Section 303.020 defines the term "owner" as "a person who holds the legal title to a motor vehicle." RSMo § 303.020 (1986). At the time of the accident the title to the van was held by the respondent, thus she was the "owner" of the van. Because respondent was the "owner," § 303.025 holds her strictly liable for operating the van without the required demonstration of financial responsibility; and the penalty, as mandated by § 303.042, had to be applied.

The judgment of the circuit court is accordingly reversed.

GRIMM, P.J., and KAROHL, J., concur.