**John C. and Elizabeth ANDERSON, Respondents,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 56342.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied Nov. 14, 1989.

James Artelle Chenault III, Government Counsel, Jefferson City, for appellant.

Thomas L. Gross, Clayton, for respondents.

DOWD, Presiding Judge.

The Director of Revenue appeals a circuit court judgment reversing an order of license suspension entered by an administrative hearing officer of the Department of Revenue. We reverse the trial court and reinstate the administrative order.

On June 12, 1988, respondent John Anderson received a uniform traffic ticket for a speeding violation. At the time respondent was cited, he failed to show proof of insurance, as required by sections 303.-024.5 and 303.025, RSMo.1986, and this failure was noted upon his ticket. On June 30, the Department of Revenue issued a notice to respondents stating that unless they provided proof of financial responsibility, John Anderson's driver's license and the motor vehicle registration issued to John and Elizabeth Anderson would be suspended. Respondents requested a hearing on this matter, which was set on August 9. A joint affidavit, in lieu of personal appearance, was filed on August 8. This affidavit identified several complaints with the procedure leading to the hearing and stated that respondents "are presently insured, in full compliance with the laws of the State of Missouri" under a named policy. The insurance policy declarations, attached to the affidavit, designated the starting date as

July 1, 1988 and failed to identify a previous policy number.

The Administrative Hearing Officer found, on October 4, 1988, that respondents owned and operated a motor vehicle without financial responsibility as required under Missouri law, § 303.025, RSMo.1986, and suspended respondents' registration and license accordingly. Respondents filed a petition for review with the Circuit Court of Saint Louis County on October 7, 1988 and the cause was called on November 3. The trial judge found that "petitioner had applied for insurance and sought to comply with state requirements significantly prior to the critical date, as defined in section 303.026.4" and ordered the Director to restore respondents' driving privileges and registration.

Appellant now claims that the trial court erred in reversing the administrative order because respondents did not comply with the Missouri statutes requiring maintenance of financial responsibility on motor vehicles. § 303.025, RSMo.1986. We agree with appellant's conclusion, that the order of suspension should have been sustained, but disagree with its reasoning. Section 303.025 provides that no person shall own or operate a motor vehicle without maintaining financial responsibility on the vehicle. Section 303.026, RSMo.1986, requires owners of motor vehicles to sign a statement at the time of their yearly registration stating that they have and will continue to maintain financial responsibility. The statute directs the Director of Revenue to verify a sample of registrations or licenses each year and one approved method of sampling is the processing of uniform traffic tickets. Another allowable method involves traffic officer notification to the director of motorist failure to provide an insurance identification card. § 303.024.5, RSMo.1986; *Henerey v. Director of Revenue*, 766 S.W.2d 486 (Mo.App.1989). If the director determines that a statement of financial responsibility is inaccurate, he "shall notify the owner of the need to provide, within thirty days, information establishing the existence of the required financial responsibility *as of the date of such notice*. Failure to provide such information shall result in the suspension of all registration of the owner's motor vehicles failing to meet such requirements, as is provided in section 303.041." § 303.026.4 (emphasis added). Section 303.040 is another source of information for the director, providing that owners and operators of motor vehicles involved in accidents with uninsured motorists shall file an accident report with the director. The section of the law mandating suspension of licenses and registration is 303.041, which reads:

> If the director determines that the operator or owner of a motor vehicle has not maintained the financial responsibility required in section 303.025 as a result of a financial responsibility verification sample as provided for in section 303.026, or as a result of an accident report as required by section 303.040, or either, the director shall thirty-three days after mailing notice to the owner or operator suspend the license of the owner or operator, or both, and all registrations of the owner's motor vehicles failing to meet such requirement.

Appellant claims that section 303.026.4, "which lends itself to the argument that a subject motorist who is … sent notice pursuant to 303.026.4 would only have to show proof of financial responsibility which was in effect as of the date of the notice," does not apply to this case. Instead, he claims that the random sampling provisions of section 303.026.3 can be used for two purposes: to determine the number of uninsured motorists or to insure compliance. When the purpose is to insure compliance, appellant feels that subsection 303.026.4 does not apply; instead, suspension procedures skip directly to section 303.041 and suspension becomes automatic upon determination that the owner operated the vehicle without financial responsibility.

We need not comment on appellant's interpretation of the statutes, however, since the trial court's decision is clearly erroneous under either reading of the statutes. The record clearly and unrefutably shows that the director's notice to respondents, as provided for in section 303.026.4, was dated

June 30, 1988. The only statement of insurance respondents provided showed that they were insured starting July 1, 1988, and they do not now claim to have been insured prior to that date. Although the trial judge found they "sought to comply with state requirements significantly prior to the critical date," he did not find that they had in fact complied prior to, or even at, the critical date. The statute does not indicate any leeway in this matter. It requires financial responsibility as of the date of the notice, in this case June 30. There is no indication that financial responsibility existed on that date or on the date of the traffic ticket. The record supports no other conclusion than that respondents were in violation of the financial responsibility requirements of section 303.025 and that they failed to meet the critical date as set forth in section 303.026.4.

Consequently, we must reverse the decision of the trial court and re-instate the suspension order of the department of revenue.

SIMON and HAMILTON, JJ., concur.