**Robin C. CILLO,**
**Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 56322.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1989.

James A. Chenault, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

William T. Quick, St. Louis, for petitioner-respondent.

REINHARD, Judge.

The Director of Revenue appeals from a judgment of the circuit court reversing the Director's administrative suspensions of petitioner's motor vehicle registration and operator's license pursuant to The Motor Ve-

hicle Financial Responsibility Law, §§ 303.-010–303.370, RSMo 1986 and Supp.1988. We reverse.

The Director of Revenue was notified, as required by § 303.024.5, RSMo 1986, that petitioner, on May 27, 1988, failed to exhibit the insurance identification card for her 1979 Chevrolet Camaro upon the request of a Hazelwood police officer. On June 23, 1989, the Director, pursuant to § 303.041, RSMo 1986, sent notice to petitioner that her driver's license and vehicle registration would be suspended for sixty days effective July 27, 1988, for failing to maintain financial responsibility on her car. The notice instructed petitioner to provide proof she had maintained financial responsibility on May 27, 1988, or surrender her driver's license and motor vehicle plates, and informed her of her right to an administrative hearing. She requested a hearing and submitted an affidavit in lieu of appearing. She stated in the affidavit that she was stopped because of a malfunctioning headlamp and no property damage was involved. She further stated, "I have since rectified the content of the charges. My recently purchased State Farm policy is # ...." The Administrative Hearing Officer included the above statements in her findings of fact together with the following finding: "According to [petitioner's insurance company's] record, [petitioner] had insurance on her 1979 Chevrolet and said coverage lapsed on April 7, 1988, for nonpayment. [Petitioner] then reinstated coverage on July 15, 1988, and transferred the coverage to a 1974 Mercury on August 17, 1988." The Hearing Officer decided petitioner was in violation of § 303.025, RSMo 1986, and that her driving privileges and vehicle registration for the 1979 Chevrolet would be suspended for sixty days. Petitioner petitioned for review in the circuit court. The circuit court reversed the Hearing Officer's decision on a ground that notice was improper. This ground was not raised in the petition for review.

The only ground petitioner pled in her petition for review worthy of any discussion is that

the finding of the Director of Revenue that Petitioner failed to maintain finan-

cial responsibility was neither the result of a "financial responsibility verification sample" as described in § 303.026.3, R.S.Mo. (1986), nor the result of an "accident report" as described in § 303.040, R.S.Mo. (1986) and, therefore, the Director has exceeded the authority granted to him under § 303.041, R.S.Mo. (1986) in making such determination.

■ Notice to the Director that a person has failed to exhibit an insurance identification card upon demand by an officer acting pursuant to § 303.024.5, RSMo 1986, is a sampling technique under § 303.026.3, RSMo 1986. *Henerey v. Director of Revenue,* 766 S.W.2d 486 (Mo.App.1989), *Anderson v. Director of Revenue,* 778 S.W.2d 813, 814 (Mo.App.E.D.1989). The Director's finding petitioner failed to maintain financial responsibility was the result of a financial responsibility verification sample made pursuant to § 303.026.3, RSMo 1986.

■ Further, any contention as to notice has no merit. Regardless of whether § 303.026.4, RSMo 1986, required petitioner to show she was insured as of the date the Director sent notice, June 23, 1988, or the date the officer requested petitioner to exhibit the insurance identification card, May 27, 1988, the unchallenged record reveals that here, as in *Anderson* which lays out the issue, petitioner did not maintain financial responsibility on either date.

Judgment reversed and suspension order of the department of revenue reinstated.

GARY M. GAERTNER, P.J., and CRIST, J., concur.