**Larry EIDE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 42328.**

Missouri Court of Appeals, Western District.

May 29, 1990.

James A. Chenault, II, Government Counsel, Jefferson City, for appellant.

William B. Collins, Independence, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Director of the Department of Revenue, State of Missouri, (hereinafter the Director), appeals from a judgment of the Circuit Court of Jackson County reversing the Director's administrative decision suspending respondent's driving privileges pursuant to The Motor Vehicle Financial Responsibility Law, §§ 303.010–303.370, RSMo 1986.[1]

The Director received notice that respondent was operating a motor vehicle on December 8, 1988, and failed to show proof of financial responsibility on his vehicle as required by § 303.024.5. On December 29,

---

1. All statutory references are to RSMo 1986.

1988, pursuant to § 303.041, respondent was sent notice by the Director advising that respondent's driving privileges would be suspended on January 31, 1989, if respondent did not present evidence to show that on December 8, 1988, he was in compliance with his duty to maintain financial responsibility on his vehicle.

Respondent requested an administrative hearing as provided for under § 303.041. A hearing was set for February 16, 1989, and respondent submitted an affidavit in lieu of appearing.

Respondent's affidavit was dated January 10, 1989. Respondent asserted that he had been insured under a policy issued by Chrysler Insurance Company, and that he was currently insured by American Family Insurance. Respondent asserted that he had not been informed of the requirement to maintain insurance on his vehicle and further that the reporting officer made an unlawful demand for insurance identification, in that the demand was in relation to an accident which occurred on a private parking lot.

The Administrative Hearing Officer found that respondent had operated a motor vehicle when financial responsibility was not maintained, in violation of § 303.025, and ordered respondent's driving privileges suspended.

Respondent filed a petition for review in the Circuit Court of Jackson County. The circuit court reversed the Hearing Officer's decision on the grounds that the record did not reflect that the damages involved in the accident were in excess of $500.00, pursuant to § 303.040.

The Director argues on appeal that the circuit court erred in that the action against respondent arose pursuant to § 303.026.3, rather than § 303.040, and, therefore, the amount of damages from the accident in which respondent was involved was irrelevant.

Section 303.025 prohibits an owner of a motor vehicle registered in Missouri from operating the vehicle, or authorizing any other person to operate the vehicle, unless the owner maintains financial responsibility as required under the law. Section 303.041 of The Motor Vehicle Financial Responsibility Law recognizes two distinct methods for the Director to proceed against those who fail to comply with § 303.025; (1) processing accident reports pursuant to § 303.040.1, and (2) financial responsibility verification samples pursuant to § 303.026.3.

Section 303.040.1 requires a motorist to file an accident report with the Director when the motorist is involved in an accident on a highway, street or public or private parking facility that is generally open for use by the public, with or as an uninsured motorist, and any one party to the accident suffers more than $500.00 in damages including personal injuries.

Section 303.026.3 provides that the Director is to annually select a sample of motorists for financial responsibility verification. This sample of motorists can be selected from a variety of sources which sources are not limited by statute. Notice to the Director that a person has failed to exhibit an insurance identification card upon demand by an officer acting pursuant to § 303.024.5 is a sampling technique under § 303.026.3. *Cillo v. Director of Revenue*, 782 S.W.2d 81, 82 (Mo.App.1989).

■ In the case at bar, the officer investigating the accident filed notice with the Director pursuant to § 303.024.5, indicating that respondent had failed to produce proof of financial responsibility. Under this procedure it is not required that the motorist be involved in an accident resulting in more than $500.00 in damages as is required under § 303.040.1.

■ The record herein reflects that respondent's policy with Chrysler Insurance Company protected the lien holder's interest in respondent's vehicle, but did not provide liability coverage as required by § 303.025. Furthermore, respondent's policy with American Family Insurance was not in effect on December 8, 1988, which is the relevant date herein.

The owner of a motor vehicle is strictly liable for complying with § 303.025, and failure to comply mandates suspension action. *Huff v. Director of Revenue,* 778 S.W.2d 334, 335 (Mo.App.1989). A judgment of the trial court that erroneously applies the law is subject to reversal. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Respondent failed to comply with § 303.025 and is properly subject to suspension pursuant to §§ 303.041–303.044. The trial court erroneously applied the law by holding otherwise.

The judgment of the circuit court is reversed. This cause is remanded to the circuit court for judgment to be entered consistent with this opinion, reinstating the suspension of respondent's driving privileges.

All concur.