**Dr. Martin A. EVENSON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 42723.**

Missouri Court of Appeals, Western District.

Aug. 7, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1990.

Leonard Lewis Smith, Jr., Independence, for appellant.

Dennis Carl Eckold, Gladstone, for respondent.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Director of the Department of Revenue, State of Missouri, (hereinafter the Director), appeals from a judgment of the Circuit Court of Clay County reversing its administrative decision suspending respondent, Dr. Martin A. Evenson's driving privileges, pursuant to the Motor Vehicle Financial Responsibility Law, §§ 303.010–303.370.[1]

The Director received notice, as required by § 303.024.5, from the Gladstone, Missouri, Public Safety Department, that re-

---

1. All statutory references are to RSMo 1986.

spondent was operating a motor vehicle on March 15, 1989, and failed to show proof of financial responsibility. On March 23, 1989, respondent was sent notice by the Director, pursuant to § 303.041, advising that his driving privileges would be suspended on April 25, 1989, if he did not provide evidence to show that on March 15, 1989, he was in compliance with his duty to maintain financial responsibility on his vehicle. This notice by the Director was returned as "unclaimed". The Director reissued the notice and respondent subsequently requested an administrative hearing.

The facts are not in dispute and reflect that respondent was the owner of a vehicle registered in this state and that on March 15, 1989, he operated said vehicle when financial responsibility was not maintained. In his defense, respondent argued that while he was on a leave of absence from his medical practice he failed to receive notice that his insurance premium was due and consequently his automobile insurance lapsed from approximately March 10, 1989, until March 20, 1989, when his insurance coverage was reinstated.

The Administrative Hearing Officer found that respondent had operated a motor vehicle when financial responsibility was not maintained, in violation of § 303.025, and ordered respondent's driving privileges suspended.

Respondent filed a petition for review in the Circuit Court of Clay County. The circuit court reversed the Hearing Officer's decision finding that the administrative decision was unreasonable.

On appeal, the Director argues that the circuit court erred in setting aside the suspension of respondent's driving privileges because respondent was operating a vehicle registered in this state at a time when he did not maintain financial responsibility as required under § 303.025. Respondent argues (1) that the Financial Responsibility Law requires proof of financial responsibility on the date notice is sent by the Director rather than the date he was actually operating his vehicle; (2) that there was a legitimate explanation for the lapse because he did not receive his mail; and (3)

that the suspension was unreasonable because it did not give him credit for the time he had already served on the suspension.

■ A decision of the Director pursuant to the provisions of the Motor Vehicle Financial Responsibility Law is subject to appeal to the circuit court. Such appeal is de novo for the circuit court to determine the reasonableness of the Director's decision. § 303.290.2. *Boyd v. Director of Revenue*, 703 S.W.2d 19, 21–22 (Mo.App. 1985). Any appeal thereafter is from the judgment of the circuit court rather than from the ruling of the Director. *Id.* at 22. As in other court tried cases, the judgment of the trial court will be sustained on appeal unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The first issue addressed herein is whether respondent was required to have proof of financial responsibility in effect as of the time he was operating his vehicle, March 15, 1989, or as of the date he was sent notice to show proof by the Director, which was March 23, 1989. This issue over the effective date arises when comparing the language of § 303.026 to the language of § 303.041.

Section 303.026 relates to vehicle registration and the suspension of registration of owners of motor vehicles who falsely certify that they will maintain financial responsibility. It provides in pertinent part as follows:

303.026. **Director to notify *owners who register vehicles,*** contents—certified statement of financial responsibility required for registration—random samples to be taken for verification.—(Emphasis added).

* * * * * *

2. No motor vehicle owner shall be issued registration for a vehicle unless the owner, ... signs a statement ... certifying that such owner has and will maintain, during the period of registration, financial responsibility with respect to each motor vehicle that is owned, li-

censed or operated on the streets or highways.

\*   \*   \*   \*   \*   \*

4.   Upon determination that the information provided by the owner ... is inaccurate, the director shall notify the owner of the need to provide, within thirty days, information establishing the existence of the required financial responsibility *as of the date of such notice*. Failure to provide such information shall result in the suspension of all registrations of the owner's motor vehicles failing to meet such requirements, as is provided in section 303.041. (Emphasis added).

Section 303.041 relates to the suspension of the operator's license or the operator's license and vehicle registration of a person who fails to comply with § 303.025 by operating a vehicle or permitting another to operate the vehicle without maintaining financial responsibility. It provides in pertinent part as follows:

303.041.   **Failure to maintain financial responsibility-*suspension of license and registration*—**notice-failure to surrender license or registration, fee.—(Emphasis added).

1.   If the director determines that the operator or owner of a motor vehicle *has not maintained the financial responsibility required in section 303.025* ... the director shall thirty-three days after mailing notice to the owner or operator suspend the license of the owner or operator, or both, and all registrations of the owner's motor vehicles failing to meet such requirement. The notice of suspension shall be mailed to the person at the last known address shown on the department's records, and to the address provided by the accident report if that address differs from the address of record. The notice is deemed received three days after mailing. The notice of suspension shall clearly specify the reason and statutory grounds for the suspension and the effective date of the suspension, the right of the person to request a hearing, the procedure for requesting a hearing, and the date by which that request for a hearing must be made. (Emphasis added).

\*   \*   \*   \*   \*   \*

Section 303.025 provides in pertinent part as follows:

1.   No owner of a motor vehicle registered in this state shall *operate* the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required by this section. (Emphasis added).

When the Director determines that information relating to financial responsibility provided by an owner upon registration of a motor vehicle is inaccurate, the Director may suspend registration of the owner's motor vehicles after giving notice and an opportunity to show financial responsibility as of the date of the notice. This procedure is applicable when the Director seeks only to suspend registration and it is only effective against the owner of a vehicle. § 303.026. The director is not required under § 303.026 to show that the person operated the vehicle and the relevant date for purposes of the owner showing proof of financial responsibility is the date of notice.

However, when the Director seeks to suspend a person's operator's license or operator's license and vehicle registration, the provisions of § 303.041 are applicable. Pursuant to § 303.041, the Director is required to show a violation of § 303.025 which requires a showing that 1) the owner operated the vehicle or authorized another to operate the vehicle without maintaining financial responsibility, or 2) that the operator of a vehicle owned by another knew that the owner had not maintained financial responsibility unless the operator has financial responsibility which covers his operation of the vehicle. Since the Director must show a violation of § 303.025 to suspend a person's operator's license, the relevant date for proof of financial responsibility to support suspension of an operator's license is the date of operation of the vehicle.

In the case at bar, the Director sought to suspend respondent's operator's license. Therefore, the operative date for purposes

of showing financial responsibility was March 15, 1989, the date respondent was shown to have been operating his vehicle. Since respondent was not able to show proof of financial responsibility on March 15, 1989, the date he operated his vehicle, it cannot be said that the Director's decision was unreasonable on the basis of respondent's argument that he had insurance and was able to show financial responsibility as of the date he received notice of suspension.

■ Furthermore, respondent's argument that he had a legitimate explanation for the lapse of his insurance as a result of not having received his mail is of no avail. It is not necessary for there to be proof that respondent intentionally violated § 303.025. The owner of a motor vehicle is strictly liable for complying with § 303.025, and failure to comply mandates suspension action. *Huff v. Director of Revenue*, 778 S.W.2d 334, 335 (Mo.App.1989).

■ Respondent's argument that he was entitled to credit for the time he had already served on suspension is valid under the circumstances herein, but it does not render the Director's decision suspending his license unreasonable in its entirety.

Section 303.042.1 provides as follows:
1. The suspension shall become effective thirty days after the subject person is deemed to have received the notice of suspension by certified mail as provided in section 303.041. If the request for a hearing is received by the department prior to the effective date of the suspension, the effective date of the suspension will be stayed until a final order is issued following the hearing; however, any delay in the hearing which is caused or requested by the subject person or counsel representing that person without good cause shown shall not result in a stay of the suspension during the period of delay.

In the case at bar, the Director sent notice of suspension to respondent on March 23, 1989, advising that his suspension would be effective from April 25, 1989, to June 24, 1989.[2] Respondent did not file his hearing request until May 15, 1989, which was after the effective date of his suspension. Therefore, respondent's request for hearing did not of itself stay the effective date of his suspension in accordance with § 303.042.1. However, on May 19, 1989, respondent was notified by an administrative hearing officer for the Department of Revenue that a hearing had been scheduled pursuant to his request. The hearing was scheduled for June 13, 1989, and respondent was advised that a determination would be made at that time whether or not he was subject to suspension for failing to comply with § 303.025. The effect of this notice was to grant respondent a stay on the balance of his suspension from May 19, 1989, forward in that respondent's license had already been under suspension from April 25, 1989, pursuant to the original notice of suspension.

Respondent is entitled to credit for the 23 days that his license was under suspension between April 25 and May 19, 1989.

The judgment of the circuit court erroneously applies the law and it is reversed. This cause is remanded to the circuit court for judgment to be entered consistent with this opinion reinstating the suspension of respondent's driving privileges with respondent being given credit for the 23 days that the previously ordered suspension was in effect.

All concur.

■

---

**2.** Respondent's suspension was for a period of sixty days after the effective date of his suspension in accordance with § 303.042.2(1).