**David and Janet MARTENS, Respondents,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 44679.

Missouri Court of Appeals, Western District.

Dec. 10, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

David and Janet Martens, pro se.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

PER CURIAM.

The Director of the Department of Revenue appeals from the trial court's reversal of an administrative decision suspending David Martens' driving privileges and suspending the vehicle registration of David and Janet Martens' automobiles. The suspensions had been ordered pursuant to the Motor Vehicle Financial Responsibility Law, §§ 303.010–303.370, RSMo 1986.

The judgment is reversed and remanded.

On January 19, 1990, David Martens was involved in a two-car accident in Kansas City, Missouri. Several days later his wife, Janet Martens, contacted their insurance company to inform them of the accident, and she was told that their policy had expired prior to the accident. Because of a clerical error, Janet Martens had failed to pay the most recent automobile insurance premium, and their coverage had lapsed in late December.

On May 10, 1990, the Farmers Insurance Group, which represented the other driver in the collision, wrote the Department of Revenue and stated that David Martens "has failed to contact us concerning this accident." The insurance company further stated that David Martens owed them $1,660.57 for damages caused by the accident, and asked the Department of Revenue to begin license suspension proceedings. On or about July 11, 1990, the Department of Revenue sent a notice to the Martens, informing them of the suspension

of David Martens' operator's license, and of the suspension of David and Janet Martens' vehicle registrations.

David Martens requested an administrative review of the suspensions, which were upheld following an evidentiary hearing. David and Janet Martens then filed a petition for judicial review of the suspensions. At the ensuing trial, David Martens testified that he and Janet Martens had purchased new automobile insurance as soon as they had learned that their prior insurance policy had lapsed. He also testified that he and Janet Martens ultimately paid for the damages incurred in the collision.

David Martens then offered the following testimony on direct examination:

Q. Was your vehicle insured at the time of that accident?

A. I believed it was.

Q. In fact was it? Was the vehicle in fact insured?

A. No.

On cross-examination, David Martens testified as follows:

Q. How long had [the insurance] been lapsed?

A. Probably 10 days, approximately that. I'm not sure.

Q. So you don't know whether or not your policy had a grace period then; is that right?

A. Right.

Q. So as far as you knew you were in the grace period?

A. I would assume that, yes.

David Martens also testified that his job included operating a vehicle, and he assumed that he would lose his job if he had his license suspended.

At the close of the trial, the trial court set aside the administrative decision of the Department of Revenue, and reinstated David Martens' operator's license and David and Janet Martens' vehicle registrations. In so doing, the trial court made the following findings:

[B]ased upon a review of the findings by the Respondent at the administrative hearing and upon the evidence adduced at trial, the Court finds that at the time of the accident, January 19, 1990, the [Martens] reasonably believed that they were in fact insured and the uncontroverted testimony at trial is that the insurance they had was in the grace period of the policy prior to lapse, and that therefore, the [Martens] were in compliance with the mandatory insurance laws of Missouri.

On appeal, the Director of Revenue contends that the trial court's judgment was a misapplication of the applicable law and was unsupported by the evidence. Finding this to be true, the judgment of the trial court is reversed.

A circuit court's review of an administrative decision pursuant to the Motor Vehicle Financial Responsibility Law is a *de novo* appeal, and any appeal thereafter is from the judgment of the circuit court rather than from the administrative ruling. Section 303.290, RSMo 1986. *Evenson v. Director of Revenue*, 796 S.W.2d 33, 35 (Mo.App.1990).[1] As in other court-tried cases, the judgment of the trial court will be sustained on appeal unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.; Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment of the trial court was unsupported by substantial evidence insofar as it found that the Martens were in the grace period of their insurance policy at the time of the accident, and that they were consequently in compliance with the mandatory insurance laws of Missouri. At trial, David Martens unequivocally testified that he was uninsured at the time of the accident. There was no conflicting evidence on this point.

1. *Boyd v. Director of Revenue*, 703 S.W.2d 19, 21–22 (Mo.App.1985) holds that the *de novo* appeal shall consist only of evidence which is not duplicative of the evidence before the Director. The nature of the hearing in the circuit court is not at issue in this case and will not be addressed.

As our courts have repeatedly expressed, once it is established that the Martens were uninsured at the time of the collision, the Department of Revenue's suspension must be upheld. Insofar as the Martens claimed a legitimate or ameliorating explanation for the lapse of their insurance, such an argument was of no avail. The owner of a motor vehicle is strictly liable for complying with § 303.025, RSMo 1986, and failure to comply mandates suspension. *Evenson v. Director of Revenue, supra.* at 37; *Eide v. Director of Revenue,* 789 S.W.2d 871, 873 (Mo.App.1990); *Huff v. Director of Revenue,* 778 S.W.2d 334, 335 (Mo.App.1989).

Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the circuit court for judgment to be entered consistent with this opinion.