**Todd BAKER, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 59819.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 17, 1991.

James Artelle Chenault II, Government Counsel, Dept. of Revenue, Jefferson City, for appellant.

Robert Leo Devereux, St. Louis, for respondent.

REINHARD, Presiding Judge.

The Missouri Director of Revenue appeals from the trial court's order removing a suspension of driving privileges for violation of financial responsibility laws. We reverse and remand.

Petitioner was involved in a two vehicle accident while driving his 1988 Ford truck. On July 11, 1990, the Missouri Director of Revenue (Director) determined that petitioner was fifty percent at fault and issued notice to petitioner that, inter alia, his driving privilege and registration of his truck would be suspended for 60 days for failing to maintain financial responsibility as required by § 303.025, RSMo 1986. Petitioner requested an administrative hearing, but after counsel requested a second continuance, which was denied, he and counsel failed to appear for the hearing. A default order was entered against petitioner on October 24, 1990. On November 19, 1990, petitioner obtained a release from liability and filed it with the Director. Petitioner filed a petition for review in the circuit court urging the court to apply § 303.070,

RSMo 1986, and set aside the suspension of petitioner's driving privilege and registration due to his release from liability. At the hearing before the court petitioner stipulated he did not have insurance on the date of the accident. He further had proof that he had obtained a timely release from liability for the accident. The court granted the petition and reinstated his driving privileges and registration.

Pursuant to § 303.030.2, RSMo 1986, a motorist is subject to suspension unless he is able to demonstrate financial responsibility for damages arising from an accident for which he is found to be liable. He can escape suspension by: 1) posting security in the amount determined by the director to be sufficient to cover a potential judgment; 2) entering an installment agreement with the damaged party for settlement of all claims arising from the accident; 3) obtaining a release; or 4) be adjudicated not to be liable, § 303.030.2, RSMo 1986; § 303.-070(3), RSMo 1986. The director admits that a timely release was obtained and thus a suspension under § 303.030.2 cannot stand.

The director, however, contends that the suspension is proper under § 303.025 and that, in this regard, the trial court erred in restoring the license. Section 303.025 is the "mandatory" insurance provision enacted in 1987 and it provides:

No owner of a motor vehicle registered in this State shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section.

The penalty is provided in §§ 303.041, 303.-042, RSMo 1986.

It was held in *Eide v. Director of Revenue,* 789 S.W.2d 871, 873 (Mo.App.1990); and *Huff v. Director of Revenue,* 778 S.W.2d 334 (Mo.App.1979), that an owner of a motor vehicle is strictly liable for complying with § 303.025 and the penalty for non-compliance is mandatory. The Western District recently reached the same result in a case with very similar circumstances. *Martens v. Director of Revenue,* 819 S.W.2d 778 (Mo.App.1991). The record

here required the director to suspend petitioner's license. Petitioner argues that it was the intent of this section not to apply to a case where, as here, the operator has satisfied all claims arising out of an accident. He supports this argument with no law and we believe that any person who operates a motor vehicle on the highways of this State without financial responsibility is subject to a mandatory suspension of his license.

Judgment of the trial court is reversed, and this cause is remanded to the circuit court for judgment to be entered consistent with this opinion.

GARY M. GAERTNER and CRANE, JJ., concur.