Alice Mae LEASURE and Howard Wayne Leasure, Respondents,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.

No. WD 50218.

Missouri Court of Appeals, Western District.

June 20, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Patrick Woodley, Clinton, for respondents.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

HANNA, Presiding Judge.

The Director of Revenue appeals from an order of the circuit court setting aside the administrative suspensions of Alice Leasure's driving privileges and the vehicle registration of Alice and Howard Leasure's automobile. The suspensions had been ordered pursuant to the Motor Vehicle Financial Responsibility Law, §§ 303.010–303.370, RSMo 1986.[1] We reverse and remand.

Alice Leasure was involved in an automobile accident on January 21, 1994. The accident occurred in the parking lot of a Pizza Hut restaurant. Upon request by the police officer investigating the accident, Alice Leasure informed the officer that she did not have insurance on the vehicle. This was noted on the police report which was subsequently sent to the Department of Revenue. A copy of an accident report filed by the owner of the other vehicle involved in the accident was also sent to the Department of Revenue.

On April 2, 1994, the Director sent notice to the Leasures informing them that Alice Leasure's driving privileges and Alice and Howard Leasure's motor vehicle registration were subject to suspension for sixty days for failing to maintain financial responsibility for their automobile. The Leasures requested an administrative hearing which was held on May 17, 1994. At the hearing, Alice Leasure admitted that the vehicle she was operating on the day of the accident was uninsured. Counsel for the Leasures argued that the Director was not authorized to impose the suspensions because the Director's determination that the Leasures had failed to maintain financial responsibility was not the result of a financial responsibility verification sampling pursuant to § 303.026, nor the result of an accident report filed pursuant to § 303.040. The administrative hearing officer found that the Leasures had violated § 303.025 and entered a decision upholding the suspensions.

The Leasures filed a petition for review in the Circuit Court of Henry County and a court date was set for September 6, 1994. The Director filed the administrative record with the court on August 22, 1994. The hearing was subsequently rescheduled for September 27, 1994.[2] The Director did not appear for the hearing. After considering the pleadings, the administrative record filed by the Director and argument of counsel, the circuit court entered a judgment in favor of the Leasures, setting aside the suspensions. The docket sheet indicates that a copy of the order was sent to the Director. The Director appeals.

The Director contends the circuit court erred in setting aside the suspension actions

---

1. All statutory references are to the Missouri Revised Statutes 1986, unless otherwise indicated.

2. A hearing may be held under certain limited situations. § 536.140, RSMo 1994.

because the Leasures violated § 303.025 and the Director was authorized under § 303.041 to impose the suspension actions.

■ The judgment of the trial court will be sustained unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Martens v. Director of Revenue*, 819 S.W.2d 778, 780 (Mo.App.1991).

■ A suspension action may be imposed on any vehicle owner or operator whom the Director has determined to be in noncompliance with § 303.025. *Safley v. Director of Revenue*, 766 S.W.2d 99, 102 (Mo.App.1989). Section 303.025.1 provides, in pertinent part:

No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section.

■ A motor vehicle owner is strictly liable for complying with § 303.025, and failure to comply with the statute mandates suspension. *Martens*, 819 S.W.2d at 781. Once it is established that the owner or operator of the vehicle was uninsured at the time of the accident, the Department of Revenue's suspension action must be upheld. *Id.*

■ Section 303.041.1 provides that when the Director determines that the owner or operator of a motor vehicle has not maintained financial responsibility, a suspension is warranted. *Safley*, 766 S.W.2d at 102. Such a determination may be made through either a financial responsibility verification sample [3] or an accident report.[4] An accident report is simply one of the methods by which the Director may obtain the names of violators. *Id.* Under § 303.026, the Director may select a random sampling of motorists from a variety of sources which are not limited by statute. *Eide v. Director of Revenue*, 789 S.W.2d 871, 872 (Mo.App.1990). *Id.* The report of an officer investigating an accident involving a motorist who failed to show proof of insurance upon request by the officer has been held to be a proper sampling technique under § 303.026.3. *Id.*

■ In this case, the Director determined that the Leasures had not complied with § 303.025 after receiving the police and accident reports which were filed with the Department of Revenue following the accident. Even if the other party was not required to file an accident report under § 303.040, we find the sampling of the reports was permissible under § 303.026. The undisputed facts in this case show that Alice Leasure was uninsured at the time of the accident. The Director properly determined that the Leasures failed to comply with § 303.025 and, therefore, they were subject to the suspension action, as mandated by §§ 303.041– 303.042. The circuit court erroneously applied the law in determining otherwise.

The judgment of the circuit court is reversed and the cause is remanded to the circuit court for entry of judgment consistent with this opinion.

All concur.

---

3. Section 303.026.3 provides:

The director shall annually select for financial responsibility verification, a sample of the motor vehicle registrations or licenses which is statistically significant to determine the number of insured motorists in the state of Missouri, or to insure compliance. The director may utilize a variety of sampling techniques including but not limited to the processing of uniform traffic tickets, point system warning letters, and random surveys of motor vehicle registrations.

4. Section 303.040 requires an operator or owner of a motor vehicle involved in an accident with an uninsured motorist in which a person is killed or injured or if there is property damage in excess of five hundred dollars to report the matter to the Director of Revenue. The statute also requires the owner or operator of a motor vehicle involved in an accident who does not have vehicle liability insurance to report the matter to the Director.