Buddy COX, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 54960.

Missouri Court of Appeals,
Western District.

Aug. 11, 1998.

Rehearing Denied Sept. 22, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Buddy Cox, Sweet Springs, pro se.

Before RIEDERER, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

The Director of Revenue appeals from the portion of the trial court's judgment holding that Buddy Cox would be eligible for reinstatement of his driving privileges in November 1997. Those privileges had been revoked in November 1996 for driving while intoxicated. The Director argues that the court should not have reached this issue, since Mr. Cox's Petition did not ask for a ruling on the issue of reinstatement, but rather simply requested hardship driving privileges. We agree. We also find that it was premature for the court to address the issue of when

Mr. Cox would be eligible for reinstatement, since he has not yet applied for and been denied reinstatement. On both of these grounds, we reverse and remand for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

In the Fall of 1996, Mr. Cox was arrested and convicted for the offense of driving while intoxicated (DWI), which resulted in twelve points being assessed against his driver's license. On November 6, 1996, the Director of Revenue notified Mr. Cox that his driving privileges would be revoked for a period of one year. The Director also informed Mr. Cox that under Section 302.060(9), RSMo Cum.Supp.1996, his license would not be reinstated for ten years, after his conviction, so that he would not become eligible for a new license until October 2006. In February 1997, Mr. Cox filed a Petition for limited driving privileges and an affidavit in support of his application for hardship driving privilege. The Petition solely requested hardship driving privileges. In the affidavit attached to the Petition, Mr. Cox stated that he should not be denied reinstatement for ten years based on the existence of more than two prior DWI convictions, because he had not been represented by counsel and did not waive his right to an attorney in writing in regard to two of them, as required by Section 302.060(9) in order to impose a ten year suspension. The Petition itself neither challenged nor even mentioned the Director's purported notice that reinstatement would be denied until October 2006, however; it nowhere asked the court for relief from the purported decision not to reinstate his license for ten years.

The trial court found that Mr. Cox was eligible for hardship driving privileges and further stated in his order that Mr. Cox would be eligible for reinstatement of full driving privileges in November 1997; in other words, the court purported to rule on the merits as to when Mr. Cox would be eligible for reinstatement. The Director appeals from the latter determination.[1]

---

1. The trial court also concluded that Mr. Cox

was eligible for limited driving privileges due to

## II. STANDARD OF REVIEW

■ We will review the circuit court's judgment, rather than the Director's decision, according to the standard set out for judge-tried cases, Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App.1994); *Martens v. Director of Revenue*, 819 S.W.2d 778, 780 (Mo.App. 1991). Accordingly, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

## III. LEGAL ANALYSIS

The Director appeals the trial court's order that Mr. Cox would be eligible for reinstatement of his full-time driving privileges in November 1997 on the basis that the trial court lacked subject matter jurisdiction over this issue. The Director asserts the issue of the validity of the ten year denial of driving privileges was not properly before the court because Mr. Cox did not raise that issue in his Petition and it was not litigated below.

■ In Missouri, it is improper for the court to grant relief in actions involving a driver's license on grounds not raised in the Petition for Review. *Pointer v. Director of Revenue*, 891 S.W.2d 876, 878 (Mo.App.1995), *citing, Stallmann v. Director of Revenue*, 816 S.W.2d 6, 7 (Mo.App.1991); *Cillo v. Director of Revenue*, 782 S.W.2d 81, 82 (Mo.App.1989). Here, as noted, Mr. Cox's Petition solely sought limited driving privileges due to hardship. Mr. Cox did not challenge the Director's purported ten-year denial of eligibility for reinstatement of his license. It was, therefore, error for the trial court to reach this issue. *Id.*

■ Even had Mr. Cox contested the validity of the Director's purported decision not to reinstate his license for ten years, however, we would find the trial court erred in reaching that issue. Previous decisions of our Supreme Court and of the Court of Appeals have specifically held that any statement by the Director, in a notice of revocation, that he will refuse to reinstate driving privileges for a certain period in the future, is purely advisory. *Beach v. Director of Revenue*, 934 S.W.2d 315, 317 (Mo.App.1996), *citing, Adkisson v. Director of Revenue*, 891 S.W.2d 131, 133 (Mo. banc 1995). In order to make this issue ripe for review, the prospective driver must first apply for reinstatement of his or her license and have that application denied. *Id.* At that point, the applicant may seek review of the decision to deny reinstatement for ten years under Section 302.060(9). At that time, the applicant may present evidence that the decision was improper, whether because the prior convictions relied on were uncounseled, or for some other reason. *Pointer v. Director of Revenue*, 891 S.W.2d 876, 878–79 (Mo.App.1995). Because Mr. Cox had not yet made an application for issuance of a new license, his challenge to the Director's purported denial of that license is premature.

For both of these reasons, we reverse and remand to the circuit court with directions that it vacate the portion of its order which purports to rule on the issue of when Mr. Cox is eligible for reinstatement of his driving privileges and issue a new order in accordance with this opinion.

RIEDERER, P.J., and LOWENSTEIN, J., concur.

hardship, but the Director does not appeal that determination.