Larry A. DILTS, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 66535.**

Missouri Court of Appeals, Western District.

Dec. 12, 2006.

Michael W. Walker, Kansas City, MO, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield and Alana M. Barragan–Scott, Deputy Solicitors, Jefferson City, MO, for appellant.

Before HOWARD, C.J., and SMITH and NEWTON, JJ.

VICTOR C. HOWARD, Chief Judge.

The Director of Revenue appeals from the trial court's judgment reversing an administrative decision to suspend Larry Dilts' driving privileges and vehicle registration for being uninsured at the time of an accident. The suspensions were ordered pursuant to sections 303.042 and 303.044.[1] The trial court's judgment is reversed and remanded.

## Factual and Procedural Background

Pursuant to section 303.025, all owners of a motor vehicle registered in Missouri must maintain financial responsibility for the vehicle. When an owner does not maintain financial responsibility for the vehicle, the Director of Revenue ("Director") suspends the owner's driving privileges and vehicle registration until the owner has fulfilled all legal requirements. One of these requirements is the filing of proof of financial responsibility pursuant to section 303.044. The Director has the authority to require that an SR–22 form be filed in order to supply the proof of financial responsibility.

After a minor fender bender, it came to the attention of the Director that Larry Dilts ("Dilts") no longer had insurance on one of his vehicles.[2] Following an eviden-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

2. It is undisputed that the reason for the lapse in insurance was simply based on a missed

tiary hearing, the Director suspended Dilts' driving license and vehicle registration pursuant to sections 303.042 and 303.044.[3] The Director notified Dilts that in order to have his license and registration reinstated, he would have to pay twenty dollars and file an SR–22 form to show proof of financial responsibility.

Pursuant to section 303.290, Dilts filed an appeal with the Circuit Court of Platte County. Dilts argued that the requirement of an SR–22 was unreasonable because it would cost him approximately two thousand dollars. After a hearing, the Honorable Daniel M. Czamanske entered judgment in favor of Dilts, holding that his license should be reinstated without filing an SR–22. The Director appeals.

### Standard of Review

■ In reviewing the trial court's judgment regarding the Director's decision to suspend Dilts' license and vehicle registration for failure to maintain financial responsibility, we review the trial court's judgment and not the Director's ruling. *King v. Dir. of Revenue, State of Mo.*, 805 S.W.2d 357, 358 (Mo.App. W.D.1991). Pursuant to section 303.290.2, the trial court reviewed the Director's decision *de novo*. Section 303.290.2 mandates that for our review, we follow the procedure "as in civil cases." Therefore, we apply the same standard of review that we apply in all civil cases tried by a court. "We must affirm the trial court's judgment unless it erroneously declares or applies the law or no substantial evidence supports it or the weight of the evidence compels another result." *King*, 805 S.W.2d at 359 (citing

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

### Discussion

■ The Director argues that the trial court misapplied the law by reinstating Dilts' car registration without requiring him to submit an SR–22 because it failed to accord adequate deference to the authority the legislature conferred upon the Director to carry out the Financial Responsibility Law, sections 303.010 to 303.370.[4]

■ As expressed in *Martens v. Director of Revenue, State of Missouri*, Missouri courts have repeatedly expressed that once it is established that one is uninsured at the time of a collision, the Director's suspension must be upheld. 819 S.W.2d 778, 781 (Mo.App. W.D.1991). Dilts freely admits that he was uninsured at the time of the accident. His argument to the trial court was that he was unaware of the fact that he was uninsured and that it happened based on a changing of insurance agents and a missed payment. We share the trial court's concern for such a harsh result for an honest mistake. However, like *Martens*, even though Dilts has a legitimate explanation for the lapse in insurance, such argument is of no avail. *Id.* "The owner of a motor vehicle is strictly liable for complying with Section 303.025 ... and failure to comply mandates suspension." *Id.* (citations omitted). Therefore, since Dilts admits he was not insured at the time of the accident, he cannot argue that the Director was incorrect in suspending his license and registration.

■ Following suspension, in order to have one's license and registration rein-

---

payment that Dilts did not even know was owed.

**3.** Dilts' license and registration were suspended from May 23, 2005, until May 23, 2005.

**4.** Dilts did not file a brief for this appeal.

stated, proof of insurance must be filed with the Director. Sections 303.044; 303.170. The legislature has given the Director a broad grant of statutory authority to prescribe rules and regulations to implement the requirement of maintaining financial responsibility. Section 303.025.1. The Director has adopted 20 CSR 500–2.300(4) as the mechanism for carrying out the requirements of sections 303.044 and 303.170. This regulation specifies that an SR–22 form needs to be filed with the Director as proof of financial responsibility.

■ "[R]egulations promulgated pursuant to a statutory grant of authority are considered of the legislative variety, and '[a] court may no more substitute its judgment as to the content of a legislative rule than it may substitute its judgment as to the content of a statute.'" *Pollock v. Wetterau Food Distrib. Group*, 11 S.W.3d 754, 766 (Mo.App. E.D.1999) (citation omitted). In giving the Director a broad grant to "prescribe rules and regulations for the implementation" of section 303.025, the legislature obviously intended the Director to "have the power to issue legislative regulations that ... are binding on courts." *Id.* at 767.

■ Dilts' argument against the need to file an SR–22 form is that it would cost him approximately two thousand dollars. He offers no argument, and we can find no precedent showing that the Director did not have the authority to use 20 CSR 500–2.300(4) and thus require the filing of an SR–22 form. "[S]tate regulations, promulgated pursuant to properly delegated authority, have the force and effect of law and are therefore binding on the courts." *Id.* at 766.

■ "When the interpretation of an agency rule is at issue, this court must give deference to the agency's determina-

tion." *Purler–Cannon–Schulte, Inc. v. City of St. Charles*, 146 S.W.3d 31, 47 (Mo.App. E.D.2004). In this case, the Director has interpreted 20 CSR 500–2.300(4) to require Dilts to file an SR–22. The trial court misapplied the law when it held that Dilts' license and registration could be reinstated without the filing of the SR–22. The judgment is reversed and remanded for proceedings consistent with this holding.

SMITH and NEWTON, JJ., concur.